**Harry A. MATAYA, Plaintiff,**

v.

**BEHM MOTORS, INC., et al., Defendants.**

Civ. A. No. 75–C–407.

United States District Court,
E. D. Wisconsin.

March 25, 1976.

James R. Long, Appleton, Wis., for plaintiff.

Bruce M. Chudacoff, Appleton, Wis., for defendant, Behm Motors, Inc.

William A. Gigure, Manitowoc, Wis., for defendant, Thomas Terp.

James E. Shapiro, Milwaukee, Wis., for defendant, Bill Ennis.

Robert Hugh Flatley, Green Bay, Wis., for defendant, Vernon Thome.

## MEMORANDUM DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought under the Motor Vehicle Information and Cost Savings Act ("the Act"), 15 U.S.C. §§ 1901–1991. Before the Court are motions by the plaintiff and certain defendants, as are described more fully herein.

Jurisdiction exists pursuant to 15 U.S.C. § 1989 which reads as follows:

"(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

"(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

"(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together

with reasonable attorney fees as determined by the court.

"(b) An action to enforce any liability created under subsection (a) of this section, may be brought in a United States district court without regard to the amount in controversy * * *."

The requirements of the subchapter herein involved are set forth in §§ 1984 and 1988 thereof as follows:

§ 1984—"It is unlawful for any person or his agent to disconnect, reset, or alter the odometer of any motor vehicle with intent to change the number of miles indicated thereon."

§ 1988—"(a) Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

"(1) Disclosure of the cumulative mileage registered on the odometer.

"(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

"(b) It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules."

The rules referred to in § 1988 are set forth in 49 C.F.R. § 580.1, et seq.

The complaint alleges that the plaintiff Harry A. Mataya purchased from the defendant Behm Motors, Inc. ("Behm"), a 1972 Volkswagen automobile, receiving at the time of purchase a statement indicating that the odometer reading on the automobile was 28,124 miles, and that such reading was known to be the actual mileage. The complaint further alleges that Behm had previously purchased the automobile in question from defendant Thomas Terp ("Terp"), doing business as Terp's Calumet Auto Sales, and had received from Terp a statement indicating that the actual mileage in question was 28,032. The complaint further alleges that Terp purchased the automobile from defendant Bill Ennis ("Ennis"), doing business as Bill Ennis Motors, and that Ennis had delivered a statement to Terp indicating that the automobile's mileage was 27,815. The complaint also alleges that Ennis had purchased the automobile from defendant Vernon Thome ("Thome"), doing business as Thome Motor Company. Ennis is alleged to have an original odometer statement in his possession, ostensibly signed by defendant Thome, which states that the mileage on the vehicle in question is 27,101. Thome is alleged to have in his possession a putative copy of the aforesaid original statement in which the mileage indicated is 44,089. The complaint further alleges that Thome purchased the automobile from Van Boxtel Ford, Inc. ("Van Boxtel"), which certified the mileage thereon to be 43,335, and that Van Boxtel purchased the car from a former owner, one Charles D. Enders, who, at the time of transfer, certified that the mileage on the automobile was 43,335.

The complaint alleges that either Thome or Ennis is responsible for the odometer alteration here involved, and that with reasonable diligence Behm and Terp, by reason of mileage entries in an owner's warranty book present in the vehicle's glove compartment, would have had an opportunity to learn that the mileage indicated on the odometer was incorrect. Pursuant to § 1988, plaintiff seeks treble his alleged actual damages of $700 plus costs and reasonable attorney's fees.

Defendant Behm has answered the complaint, asserted a counterclaim of $64.50 against the plaintiff, cross-claimed defendants Terp, Ennis, and Thome for indemnity, and has moved for summary judgment on the complaint and on the cross-claims asserted against it by the other defendants.

Defendant Terp has answered the complaint, cross-claimed defendants Behm, Ennis, and Thome for indemnity, and answered the cross-claims asserted by defendant Thome.

Defendant Ennis has answered the complaint, cross-claimed defendant Thome for indemnity, and moved to dismiss the complaint for failure to state a claim or, in the alternative, for summary judgment.

Defendant Thome has answered and cross-claimed for indemnity against defendants Behm, Terp, and Ennis.

The plaintiff has moved to amend his complaint to more adequately state the jurisdictional basis of his cause of action.

Ruling on the pending motions in the reverse order in which they have been presented, plaintiff's motion to amend the complaint will be granted.

■ Defendant Ennis asserts three grounds in support of his motion to dismiss the complaint or, in the alternative, for summary judgment. Ennis first argues that the plaintiff is not a "transferee" to whom he can be liable under the terms of the statute. Ennis asserts that Terp is the only person to whom he transferred the car, and that the representations made at the time of that transfer were not made to the plaintiff or with any expectation that they would come to his knowledge, or with any belief or reason to believe that such representations would induce the subsequently purchasing plaintiff to act in the matter in question. This "privity" argument is unavailing. Actions for damages under the Act are in no way limited by such archaic notions of privity. To the contrary, liability extends to each and every malefactor in the chain of title: " * * The language in § 1989 'any person * * * shall be liable' indicates no intent to limit liability to the immediate seller of a motor vehicle, but to extend liability to and impose liability upon any person violating the law." Stier v. Park Pontiac, Inc., 391 F.Supp. 397, 401 (S.D. W.Va.1975).

■ As a corollary of his "transferee" argument, Ennis asserts that the motor vehicle in question was not sold to the plaintiff but rather to one Jeanie M. Mataya. Alternatively, Ennis argues that the plaintiff is not the real party in interest. By affidavit, the plaintiff has shown that he negotiated the purchase of the automobile in question but subsequently determined that the automobile would be placed in his wife's name for purposes of financing. Plaintiff asserts that he remains responsible for the debt incurred and that he is the actual purchaser of the automobile. The Act broadly defines "transfer" as a "change in ownership by purchase, gift, or any other means." 15 U.S.C. § 1982. The pertinent rules define "transferee" as "any person to whom the ownership in a motor vehicle is transferred by purchase, gift, or any means other than by creation of a security interest." 49 C.F.R. § 580.3. The statutory and administrative language evince an intent to expansively prescribe the class of persons to be protected by the Act and, correspondingly, the class of persons who may bring suit thereunder. The Court holds that the plaintiff is a "transferee" under the Act and the real party in interest for purposes of this proceeding.

■ Ennis finally argues that the 1972 Volkswagen he purchased from defendant Thome had a vehicle identification number of 122293965, whereas the 1972 Volkswagen he sold to defendant Terp had a vehicle identification number of 112293965. Accordingly, Ennis argues, he has no connection with the 1972 Volkswagen purchased by the plaintiff, which automobile had a vehicle identification number of 11229395. The Court is less than impressed with this numerical discrepancy; moreover, plaintiff asserts that he can show at trial that the vehicle purchased by Ennis from Thome and the vehicle sold by Ennis to Terp were one and the same. There being a dispute as to a material issue of fact, summary judgment is inappropriate.

For the foregoing reasons, defendant Ennis' motion to dismiss the complaint

*for* failure to state a claim or, in the alternative, for summary judgment is denied.

Finally, defendant Behm has moved for a dismissal for failure to state a claim or, in the alternative, for summary judgment on plaintiff's complaint and on the cross-claim asserted against it by defendant Thome. In support of this motion, Behm asserts that it obtained a mileage statement from Terp and then furnished a statement to the plaintiff based upon the representations contained in Terp's statement. Behm asserts that the "statutes do not require this defendant to take any further action with respect to the mileage of the automobile and it is not liable for any acts of any previous owners of said automobile." (Behm's motion to dismiss filed December 10, 1975.)

In this regard, Behm misstates the law. Section 1988(b) of the Act provides that "It shall be a violation of this section for any transferor to * * * *knowingly* give a false statement to a transferee in making any disclosure required by [49 C.F.R. § 580.1, et seq.]." (Emphasis added.) By this language Congress intended to affix liability not only on the person actually altering the odometer but on any subsequent vendor having reason to know that the odometer reading is not reflective of actual mileage. See *Stier v. Park Pontiac, Inc.,* 391 F.Supp. 397, 400–401 (S.D.W.Va. 1975):

"* * * The intent of the Congress on this provision of the law [§ 1988(b)] is in part helpfully expressed in Senate Report No. 92–413, as recorded in U.S. Code Congressional and Administrative News (1972), pages 3971–3972, in the following language:

'Section 408 makes it a violation of the title for any person "knowingly" to give a false statement to a transferee. This section originally allowed a person to rely completely on the representations of the previous owner. This original provision created a potential loophole, however. For example, a person could have purchased a vehicle knowing that the mileage was false but received a statement from the transferor verifying the odometer reading. Suppose an auto dealer bought a car with a 20,000 mile odometer verification but any mechanic employed by that auto dealer could ascertain that the vehicle had at least 60,000 miles on it. The bill as introduced would have permitted the dealer to resell the vehicle with a 20,000 mile verification. In order to eliminate this potential loophole the test of "knowingly" was incorporated so that the auto dealer with expertise now would have an affirmative duty to mark "true mileage unknown" if, in the exercise of reasonable care, he would have reason to know that the mileage was more than that which the odometer had recorded or which the previous owner had certified.'

* * * * "

The complaint asserts that Behm "with reasonable diligence, would have had an opportunity to learn of the true mileage on the vehicle." It would thus seem that the complaint adequately alleges a *violation* of § 1988(b). A somewhat different question is presented, however, as to whether the complaint states a *cause of action* under § 1989(a) which renders liable only those persons "who, *with intent to defraud,* [violate] any requirement imposed under this subchapter." (Emphasis added.)

 If it is assumed that the intent to defraud required by § 1989(a) may be presumed from a finding of actual knowledge of odometer alteration, a question would nevertheless remain as to whether an intent to defraud can be based solely upon a finding of constructive knowledge which is all that seems to be required for a violation of § 1988(b). The better view would seem to be that actual knowledge is necessary to support an inference of intent to defraud and, correspondingly, recovery under § 1989(a). Such a ruling does not render § 1988(b)'s proscription of constructive knowledge a

nullity, as it would seem that a suit by the Attorney General to enjoin violations of that section would lie under § 1990 of the Act.

The allegation in the complaint with respect to Behm is ambiguous. It can be read to allege either that because with reasonable diligence Behm would have known, Behm *did* know, or that Behm did not know but *should have* known, i. e., that Behm was negligent in not knowing.

■ Construing the complaint to allege actual knowledge, Behm's motion to dismiss for failure to state a claim under § 1989(a) will be denied. Behm's motion for summary judgment, however, will be granted. By affidavit, Behm's president has stated that neither he nor any of his employees had actual knowledge of the odometer alteration. Despite the running of the period allowed under local rules for a response to the motion for summary judgment, the plaintiff has not contravened, by affidavit or otherwise, the affidavit of Behm's president. The Court will accordingly grant Behm's motion for summary judgment with respect to the complaint but without prejudice to the plaintiff's right to seek to rejoin Behm as a defendant upon a showing of actual knowledge.

■ The Court will also grant defendant Behm's motion to dismiss the cross-claims asserted against it by defendants Terp and Thome. The theory of these cross-claims is that if a defendant is found to be liable to the plaintiff, then the other defendants will be liable to him on a theory of contribution or indemnity. The error in this theory is that it assumes that liability under the Act is somehow ancillary or derivative, and that plaintiff is entitled to only a single recovery. To the contrary, the law is that each person violating the Act is separately subject to liability: "Legal liabil-

ity to plaintiff is not limited to * * * the immediate seller * * *. Each of the defendants, under the assumed facts as stipulated [i. e., that all defendants in the action knowingly acted], may be held liable by plaintiff for the statutory recoveries allowed." *Stier v. Park Pontiac, Inc.,* 391 F.Supp. 397, 401 (S.D.W.Va. 1975). This phenomenon of separate and individual liability precludes recovery on a cross-claim based on indemnification or contribution: "[T]he Congress did not intend that each subsequent wrongdoer in a chain of violations might hold liable each prior wrongdoer in the chain linked to a single, initial odometer tampering." *Stier v. Park Pontiac, Inc.,* supra, at 401. If a defendant is without actual knowledge of the alteration, he will not be liable to the plaintiff. However, if a defendant has actual knowledge of the alteration, he will be separately and individually liable to the plaintiff and is without recourse to recovery from other defendants. The purposes of the statute are advanced by imposing separate and individual liability on each person violating the Act.

For the above-stated reasons, the Court will dismiss the cross-claims asserted against defendant Behm, and, in the interests of judicial economy, will also dismiss all other cross-claims asserted in this action.

IT IS THEREFORE ORDERED that plaintiff's motion to amend the complaint is granted; that defendant Ennis' motion to dismiss or, in the alternative, for summary judgment is denied; that defendant Behm's motion to dismiss the complaint is denied but that Behm's alternative motion for summary judgment is granted; that defendant Behm's motion to dismiss the cross-claims asserted against it is granted; and that all remaining cross-claims in the action are dismissed on the Court's own motion.