Tom G. YOWELL, Plaintiff,

v.

BOYD CHEVROLET, INC., a corporation, Pete Gootos Buick-Opel, Inc., a corporation and Len Roberts Enterprises, Inc., a corporation, Defendants.

No. CIV–78–429–D.

United States District Court, W. D. Oklahoma.

July 1, 1980.

E. Stephen Briggs and Larry M. Spears, Oklahoma City, Okl., for plaintiff.

John McKee, Oklahoma City, Okl., for defendant Boyd Chevrolet.

Steven E. Clark and Odie A. Nance, Oklahoma City, Okl., for defendant Pete Gootos Buick-Opel, Inc.

D. C. Thomas, Oklahoma City, Okl., for defendant Len Roberts Enterprises, Inc.

ORDER

DAUGHERTY, Chief Judge.

This action was brought by Plaintiff to recover damages for Defendants' violations of the Motor Vehicle Information and Cost Savings Act, as amended, 15 U.S.C. § 1901 *et seq.* (Act), arising out of a false odometer mileage statement. This case came on for jury trial on January 14, 1980, and the jury returned a verdict on January 16, 1980 in favor of Plaintiff Tom G. Yowell against Defendants Pete Gootos Buick-Opel, Inc. (Gootos) and Len Roberts Enterprises, Inc. (Roberts), in the amount of $1,366.21. The jury held in favor of Defendant Boyd Chevrolet, Inc. against the Plaintiff. Said verdict is subject to trebling under the Act when final judgment is entered herein on Plaintiff's verdict against Defendants Gootos and Roberts. The Court by an Order following an evidentiary hearing has awarded Plaintiff attorney's fees against Gootos and Roberts under the Act. Defendant Roberts has asserted herein a cross-claim against Defendant Gootos for indemnity. This cross-claim was separated from the above mentioned jury trial. Final judgment has not as yet been entered herein on Plaintiff's verdict against Defendants Gootos and Roberts and the attorney's fees allowed Plaintiff by the Court.

Pursuant to 12(b)(6), Federal Rules of Civil Procedure, Defendant Gootos has filed herein a Motion to Dismiss said cross-claim. Said Motion is supported by a Brief and Defendant Roberts has filed a Brief in opposition thereto.

In support of its Motion, Gootos contends that Roberts has failed to state a claim against Gootos upon which relief can be granted. Gootos further contends that Roberts and Gootos were both found liable to Plaintiff under the Act and that they are liable jointly and severally to Plaintiff. Therefore, Gootos maintains that Roberts is not entitled to recover in indemnity against Gootos.

In an odometer case each co-defendant found guilty under the Act is jointly and severally liable for the whole judgment to the plaintiff. This joint and several liability would preclude a cross-claim for indemnity between co-defendants. *See Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381 (D.Neb.1977); *Mataya v. Behm Motors, Inc.*, 409 F.Supp. 65 (E.D.Wis.1976); *Stier v. Park Pontiac, Inc.*, 391 F.Supp. 397 (S.D.W. Va.1975).

The court in *Mataya v. Behm Motors, Inc., supra*, specifically dealt with a cross-claim for indemnity between co-defendants in an odometer case. In *Mataya* the court held that each person violating the Act is separately subject to liability. Therefore, "[t]his phenomenon of separate and individual liability precludes recovery on a cross-claim based on indemnification or contribution . . . ." 409 F.Supp. at 70.

In the instant case both Roberts and Gootos were found liable to Plaintiff under the Act by a jury on January 16, 1980. Both are liable to Plaintiff jointly and severally for the whole judgment. Therefore, Roberts is precluded from recovery on his cross-claim against Gootos for indemnity. *Mataya v. Behm Motors, Inc., supra.*

Accordingly, the Court finds and concludes that Defendant Gootos' Motion to Dismiss should be granted and Defendant Robert's cross-claim against Defendant Gootos should be dismissed. Final judgment should now be entered herein on Plaintiff's verdict and the order of the Court regarding an attorney's fee against Defendants Gootos and Roberts.