Donald Earl **TREXLAR,** Administrator of the Estate of Amy Trexlar, Deceased, Plaintiff,

v.

**SEABOARD SYSTEMS RAILROAD, INC.,** Defendant.

No. C–C–85–414–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Aug. 15, 1986.

Frederick Davis Poisson, Jr., Wadesboro, N.C., for plaintiff.

Thomas D. Garlitz, Cansler and Lockhart, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon Motion of Plaintiff, *in limine*, to prohibit the Defendant from presenting at trial any evidence of (1) the May 25, 1984 Covenants Not To Sue executed by Donald Earl Trexlar, Jr.; (2) any evidence of the previous lawsuit entitled *Donnie Trexlar, Administrator of the Estate of Amy Trexlar vs. Seaboard Systems Railroad, Inc., Margaret Warner and Robert Warner,* 84 CVS 43, Anson County, North Carolina, or any mention or question as to the general absence of Margaret and/or Robert Warner from this lawsuit; and, (3) any evidence of the criminal conviction of Donald E. Trexlar, Jr. for embezzlement in 1982.

■ The Court first addresses the Covenants Not To Sue. On February 20, 1984, Plaintiff filed the above-mentioned lawsuit against Mr. and Mrs. Warner and the present Defendant in Anson County Superior Court. On May 25, 1984, Plaintiff executed separate Covenants Not To Sue Mr. and Mrs. Warner in consideration of $40,-000.00. Thereafter, Plaintiff dismissed the action in its entirety. The Plaintiff contends that these Covenants Not To Sue were entered into for several different reasons, none of which have any bearing whatsoever on this action. Thus, any mention of them at trial should be prohibited. Further, Plaintiff concedes that pursuant to N.C.Gen.Stat. § 1B–4(1), the Defendant is entitled to $40,000.00 credit against any claim the Plaintiff may prevail upon.

In its Response to Plaintiff's Motion, Defendant states that it does not see any reason to inform the jury of the Covenants Not To Sue or the settlement. The Defendant contends, however, and the Court agrees, that the Plaintiff should not be allowed to take advantage of this by, for example, unfairly asserting that the Defendant is solely responsible for the accident relevant to this action. The Court, therefore, is of the opinion that Plaintiff's Motion with respect to this subject should be *granted* and the Defendant should not be allowed to introduce any evidence or make mention of the Covenants Not To Sue.

■ The Plaintiff contends that the existence of the previous action against Mr. and Mrs. Warner, like the existence of the Covenants Not To Sue, has no bearing on this action and evidence of the same should not be admitted at trial. The Defendant objects on the ground that it is entitled to argue that this accident was the sole proximate result of Mrs. Warner's negligence, and in so doing, present evidence of Plaintiff's own sworn statements in the verified complaint from the prior action. The Defendant correctly argues that a pleading from a related action is admissible as an admission and is evidence of the facts asserted therein. *Enquip, Inc. v. Smith-McDonald Corp.,* 655 F.2d 115 (7th Cir.1981). The Defendant states that it may want to use the following admissions of Plaintiff from the verified complaint:

(1) That, as alleged in Paragraph 8(a) of the complaint, Mrs. Warner was "fami-

lar with the dangerous nature of this intersection."

(2) That, as further alleged in Paragraph 8(a) of the complaint, Mrs. Warner was "aware of the fact that Seaboard's train normally crossed the tracks at noon on Sundays."

(3) That, as alleged in Paragraph 8(b) of the complaint, Mrs. Warner "did not maintain a proper lookout upon approaching the tracks."

(4) That, as further alleged in Paragraph 8(b) of the complaint, Mrs. Warner by "the exercise of reasonable care ... should have both seen the train and stopped her vehicle to avoid this accident."

(5) That, as alleged in Paragraph 8(c) of the complaint, Mrs. Warner "could have ... seen the approaching train."

The Defendant argues that the Plaintiff is not entitled to avoid the effect of those admissions simply because he later elected to dismiss that action against two of the Defendants.

The Court is in agreement with the contentions of the Defendant on this subject and is of the opinion that the Defendant ought to be able to offer evidence of the Plaintiff's own prior admissions with the appropriate limiting instructions to the jury. Therefore, Plaintiff's Motion on this issue should be *denied.*

■ With respect to the Plaintiff's contention that evidence of the embezzlement conviction of the Plaintiff should be precluded from admission at trial, the Defendant argues that if Plaintiff testifies, then his credibility will necessarily be in issue and the Defendant should be allowed to impeach him under Fed.R. of Evid. 609 by evidence of his conviction. The crime involved is both punishable by imprisonment in excess of one year and involves dishonesty.

The Court disagrees with the Defendant's position. The Plaintiff's character for credibility is not an important issue in this negligent tort action. It is doubtful that there would be any serious credibility prob-

lem as to the relationship between the Plaintiff and the decedent, his daughter. Furthermore, the value of allowing the Defendant to offer evidence of Plaintiff's prior conviction would be greatly outweighed by the dangers of unfair prejudice, confusion of the issues, and of misleading the jury. Therefore, Plaintiff's Motion on this subject should be *granted.*

IT IS, THEREFORE, ORDERED that:

(1) the Plaintiff's Motion to preclude evidence of the Covenants Not To Sue is GRANTED and the Defendant is not allowed to introduce any evidence or make mention of the previously entered Covenants Not To Sue;

(2) the Plaintiff's Motion to preclude evidence of the prior state court action is DENIED and the Defendant is allowed to offer evidence of the Plaintiff's prior admissions in the verified complaint of that action; and

(3) the Plaintiff's Motion to preclude evidence of the prior criminal conviction is GRANTED and the Defendant is not allowed to offer evidence of the same.