**Joseph E. HAYNES, Elaine Louise Haynes, Plaintiffs,**

v.

**Richard J. MANNING, Shawnee Mission Ford, Inc., Defendants.**

**Civ. A. No. 86–2458–S.**

United States District Court, D. Kansas.

June 9, 1989.

David M. Harding, Bill W. Richerson, Van Osdol, Magruder, Erickson and Redmond, Kansas City, Mo., Bernard E. Brown, Law Offices of Bernard E. Brown, Overland Park, Kan., Reid F. Holbrook, Timothy P. Orrick, Holbrook, Ellis, & Heaven, P.A., Kansas City, Kan., for plaintiffs.

Louis S. Wexler, Overland Park, Kan., for Richard Manning.

Richard T. Merker, Stephanie Warmund, Wallace, Saunders, Austin, Brown & Enochs, Chtd., Overland Park, Kan., for defendants.

Richard Manning, Dayton, Ohio, pro se.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion for a new trial, for judgment notwithstanding the verdict, and to alter or amend judgment. Also before the court is defendant Shawnee Mission Ford, Inc.'s motion for judgment notwithstanding the verdict and to alter or amend judgment. In this case, plaintiffs asserted claims of violations of The Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1981 *et seq.* ("federal odometer statute"), common law fraud, and breach of warranties and thus recovery of damages under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2310(d)(1). This case was tried from November 28 to December 1, 1988. The jury returned a verdict for defendants on plaintiffs' federal odometer statute claim and their warranty claims. The jury, however, returned a verdict in plaintiffs' favor on the common law fraud claims. The jury awarded plaintiffs Four Thousand Dollars ($4,000.00) in damages from defendant Shawnee Mission Ford, Inc. and One Hundred Dollars ($100.00) in damages from defendant Richard J. Manning. Oral argument has been requested on the pending motions. The court has determined that oral argument would not be of material assistance in the determination of these matters. Rule 206(d), Rules of Practice of the United States District Court for the District of Kansas.

On May 13, 1985, plaintiffs purchased a 1981 Ford Crown Victoria Stationwagon from Schlozman Ford for Seven Thousand, Nine Hundred Fifty–Five Dollars ($7,955.00). Numerous persons had previously owned the vehicle. The vehicle was originally sold to defendant Richard J. Manning ("Manning") on August 6, 1982. During the period of his ownership, Manning put many miles on the car and caused the odometer to roll over the 100,000 miles indication. In February of 1984, Manning sold the vehicle to Central Auto Brokerage, Inc. in Kansas City, Missouri. During this transaction, Manning signed all documents provided by Central Auto Brokerage for his signature to consummate the transaction. One of these documents was a statement required by the federal odometer statute, indicating the actual mileage of the

vehicle. The document signed by Manning reflected only the mileage shown on the odometer and, thus, was 100,000 miles less than the actual miles on the vehicle.

Also, in February, 1984, Central Brokerage sold the vehicle to defendant Shawnee Mission Ford. Central Auto Brokerage gave Shawnee Mission Ford a federal odometer statement indicating the mileage on the vehicle at 45,630, when the actual mileage was 145,630. On August 10, 1984, defendant Shawnee Mission Ford sold the vehicle to Gary Ellis, d/b/a Ellis Motor Company, ("Ellis"), of Lawrence, Kansas. Shawnee Mission Ford gave Ellis a federal odometer statement showing the vehicle's mileage to be 45,787 miles. On August 17, 1984, Ellis sold the vehicle to Ray Smith Ford. Ellis gave Ray Smith Ford a federal odometer statement reflecting the inaccurate mileage. On August 22, 1985, Ray Smith Ford sold the vehicle back to Ellis, providing an inaccurate odometer statement with this transaction. On April 26, 1986, Ellis sold the vehicle to Schlozman Ford. Ellis gave Schlozman Ford an inaccurate odometer statement which stated the vehicle's mileage to be 46,743 miles.

Thereafter, Schlozman Ford sold the vehicle to plaintiffs and in the transaction gave plaintiffs a federal odometer statement which indicated the mileage to be 100,000 less than the actual mileage on the car. Richard Manning, Central Auto Brokerage, Inc., Shawnee Mission Ford, Gary Ellis, Ray Smith Ford and Schlozman Ford were all originally named defendants in this action. Plaintiffs failed to get adequate service of process on defendant Central Auto Brokerage, Inc.; therefore, the case against it was dismissed without prejudice. Defendants Ellis, Ray Smith Ford and Schlozman Ford entered into a settlement agreement with plaintiffs. Thus, this matter went to trial against defendants Manning and Shawnee Mission Ford.

*A. Plaintiffs' Motions.*

1. Admission of evidence that plaintiffs settled their claims against other dealers.

█ During the trial, the court allowed, over plaintiffs' objections, the introduction of evidence that plaintiffs had reached settlement agreements on their claims against three dealers who had previously owned the vehicle at issue. The court admitted this evidence to assist the trier of fact in understanding the factual background of this case. Without evidence of why the other dealers in the chain of ownership were not litigants, the jury would be confused and left to speculate. The Seventh Circuit Court of Appeals has stated that "settlement negotiations are admissible to explain another dispute and to assist the trier of fact in understanding the case." *MCI Communications v. AT & T*, 708 F.2d 1081, 1152 (7th Cir.1983). In the present case, the evidence of settlements with other parties was admitted for the purpose indicated by the Seventh Circuit and not to prove liability or invalidity of plaintiffs' claims. Therefore, the evidence is not prohibited by Rule 408 of the Federal Rules of Evidence.

█ In addition, evidence that plaintiffs had asserted claims against other car dealers was admissible because of the abandoned pleadings doctrine. Under this doctrine, earlier abandoned pleadings are admissible evidence as admissions by the plaintiffs. *See Friedman v. Sealy, Inc.*, 274 F.2d 255, 259 (10th Cir.1959) (The fact admissions were contained in pleadings does not make them inadmissible, "nor is it significant that the representation was made in litigation of a third party."); *Jelleff v. Braden*, 233 F.2d 671, 675–77 (D.C. Cir.1956) (pleadings against other parties are admissions); *Dreier v. Upjohn Co.*, 196 Conn. 242, 247, 492 A.2d 164, 167–68 (1985) (Superseded or abandoned pleadings are admissible as an admission as long as plaintiff has an opportunity to explain why pleadings were abandoned.).

For these reasons, the court finds no error in the introduction of evidence regarding plaintiffs' settlements of claims against other parties. Such evidence was necessary for the jury to properly consider and understand this case. Also, this evidence was admissible under the superseded or abandoned pleadings theory.

### 2. Instructions regarding Federal Odometer Statute claim.

In Instruction No. 8, the court informed the jury on the law regarding plaintiffs' claims under the federal odometer statute. Plaintiffs make numerous arguments, contending this instruction was erroneous.

First, plaintiffs argue that the court's definition of "intent to defraud" was incorrect. An essential element of plaintiffs' federal odometer statutory claim was that defendants acted with an intent to defraud someone. The court's instruction stated in part:

> To act with the intent to defraud means to act with specific intent to deceive or cheat, ordinarily for the purpose of bringing some financial gain to one's self.

Plaintiffs contend that the court should have instructed the jury that defendants could have acted with reckless disregard rather than with specific intent to deceive.

The court is convinced that Instruction No. 8 properly and correctly defined "intent to defraud." The court is not alone in this definition. *See Shipe v. Mason*, 500 F.Supp. 243 (E.D.Tenn.1978), *aff'd*, 633 F.2d 218 (6th Cir.1980). In *Shipe*, the court stated that under 15 U.S.C. § 1989(a), intent to defraud means "to act willfully and with specific intent to deceive any purchaser or potential purchaser of a motor vehicle...." *Id.* at 245. The court finds that the challenged instruction correctly stated the law regarding intent to defraud.

■ Plaintiffs contend that reckless disregard for the truth of the mileage is sufficient to prove intent to defraud under the federal odometer statute. The court finds that this is not a correct statement of the law. To recover under the federal law, plaintiffs must show that defendants had actual or constructive knowledge of the mileage/odometer discrepancy. *See Williams v. Toyota of Jefferson, Inc.*, 655 F.Supp. 1081, 1085 (E.D.La.1987). In the cases finding liability under a constructive knowledge theory, defendants had been put on notice of the possible inaccuracies of odometers. *See, e.g., Williams*, 655 F.Supp. at 1085 (defendant received disclo-sure statement from previous owner indicating odometer could not be relied on); *Leach v. Bishop Bros. Auto Auction*, 624 F.2d 34, 35 (5th Cir.1980) (defendant put on notice of possible rollover).

The court instructed the jury that for plaintiffs to prevail on the federal odometer claim, plaintiffs had to show that "[t]he defendant knew, or should have known" of the discrepancy in mileage. This instruction properly reflects the law that plaintiffs must show actual or constructive knowledge on the part of defendants. To instruct that the plaintiffs need only show that defendants acted in reckless disregard of the truth of the mileage to satisfy the intent to defraud element, as plaintiffs contend here, would have been an incorrect statement of the law. Actual or constructive knowledge must be shown.

Secondly, plaintiffs argue that the court erroneously instructed the jury on the burden of proof for the federal statutory claim. The court instructed that plaintiffs must prove their federal claim by clear and convincing evidence. Plaintiffs contend that the court should have applied a preponderance of the evidence standard. The statutory language is silent on the burden of proof to be met on a claim under 15 U.S.C. § 1989. Therefore, the court was left to develop the law regarding this matter.

■ When an issue "falls within the ambit of an extensive federal statutory and regulatory scheme, but the language of the federal legislation does not directly address the precise question at issue, federal courts are competent to fill the void by incorporating state law or by fashioning an independent federal doctrine." *In re Lady Madonna Industries, Inc.*, 76 B.R. 281, 286–87 (S.D.N.Y.1987) (citing *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979) and other cases). We decided to fill the void in the federal odometer legislation regarding the burden of proof by looking to state law. The sale of automobiles is a local transaction and one generally regulated and governed by the state. Therefore, the court

finds state law to be an appropriate source for filling the void in the federal legislation. *National Credit Union Admin. Bd. v. Metzler*, 625 F.Supp. 1551, 1553 (E.D.Mo. 1986) ("A federal court sitting in a non-diversity case may give state law highly persuasive effect."). Also, the court finds that there is little need for uniform federal common law in this area.[1]

■ The federal odometer statute provides for built-in punitive damages—treble damages. Also, an essential element of a claim under this statute is the showing of intent to defraud. Thus, the court finds that a showing of clear and convincing evidence is appropriate for a claim under this statute. This standard is borrowed from Kansas common law on fraud. *See Newell v. Krause*, 239 Kan. 550, 557, 722 P.2d 530, 536 (1986) (clear and convincing burden for fraud). Therefore, the court finds that it did not err in applying the clear and convincing standard on plaintiffs' federal odometer claim.

■ Even if the court did err on this matter, the error was not prejudicial because of the reasons set forth in part B.2. of this Memorandum and Order. Plaintiffs have already recovered three times their actual damages ($4,000.00). Thus, even if the jury had found for plaintiffs on their federal odometer claim, the court would have found that plaintiffs were not entitled to any recovery because they had already recovered over $12,000.00 from other defendants in this case.[2]

■ Finally, regarding Instruction No. 8, plaintiffs argue that the court incorrectly instructed the jury that to recover, plaintiffs must show that defendants "knew, or should have known, that the [vehicle] had 100,000 more miles than the odometer on the vehicle showed." Plaintiffs contend that the Instruction should have stated simply that to prevail plaintiffs must show that defendant made a false statement about the vehicle's actual mileage. The court finds that this argument totally lacks merit. Plaintiffs' entire theory of their case was that the odometer had "rolled over" and thus the vehicle had 100,000 more miles on it than the amount actually shown on the odometer. This was the sole basis of plaintiffs' claim as set out in the pretrial order. The court structured this Instruction based on plaintiffs' claim. The Instruction was drafted with this specific claim in mind and was not a vague, general instruction as plaintiffs now desire it to be. The court finds that it did not commit error in giving an instruction based on plaintiffs' theory of the case instead of using some vague and general language.

For the foregoing reasons, the court finds that Instruction No. 8 provided the jury with the correct and proper instruction on the law regarding a claim under the federal odometer statute. Therefore, plaintiffs' request for a new trial on this ground will be denied.

3. Consistency of the verdicts.

■ First, plaintiffs argue that the verdicts which found for plaintiffs on common law fraud but against plaintiffs on their breach of warranty claims is "clearly contradictory." The court finds that the verdicts are not inconsistent on their face. The Tenth Circuit Court of Appeals has recently stated that "[a] verdict which resolves separate and distinct causes of action in favor of both parties to a lawsuit is not inconsistent on its face." *Diamond*

1. Other courts agree. With respect to the issue of what effect settlements with co-defendants should be given and whether liability under the federal act is joint and several liability or individual liability, a matter not addressed in the federal legislation, courts have not applied a uniform standard or developed a federal common law. *Compare Yowell v. Boyd Chevrolet, Inc.*, 504 F.Supp. 77, 78 (W.D.Okla.1980) and *Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381, 1388 (D.Neb.1977), *aff'd*, 578 F.2d 721 (8th Cir.1978) (finding joint and several liability under the federal legislation) *with Alley v. Chrysler*

*Credit Corp.*, 767 F.2d 138, 141–42 (5th Cir.1985) (individual liability under the federal statute).

2. *See Slaymaker v. Westgate State Bank*, 241 Kan. 525, 538–39, 739 P.2d 444, 454 (1987) (Holding that under the federal odometer statute, defendants are jointly and severally liable. The case indicates that plaintiffs recovery against one defendant must be reduced by amounts recovered from other released defendants.) *See also Yowell*, 504 F.Supp. at 78 and *Duval*, 425 F.Supp. at 1388–89.

*Shamrock Corp. v. Zinke & Trumbo Ltd.,* 791 F.2d 1416, 1424 (10th Cir.), *cert. denied,* 479 U.S. 1007, 107 S.Ct. 647, 93 L.Ed.2d 702 (1986). Here, we have a verdict resolving separate and distinct causes of action (breach of warranty and fraud) in favor of both parties. Therefore, the verdicts are not inconsistent on their face. Furthermore, plaintiffs present no argument on why the verdicts in this regard are inconsistent in fact. The court, therefore, finds no inconsistencies with the jury's verdicts regarding the fraud and breach of warranty claims.

■ Secondly, plaintiffs claim that the discrepancy in the award of actual damages against each defendant is inconsistent. The jury found the actual damages against defendant Shawnee Mission Ford to be $4,000.00, while actual damages against defendant Manning was $100.00. The court agrees that the damage awards are inconsistent. The court gave the jury one instruction on calculating actual damages sustained by plaintiff because of fraud. It is clear to the court that the jury, in contradiction to this instruction, acted out of sympathy for pro se litigant Manning. The sympathy can be understood given the fact that plaintiff Joseph Haynes testified that he did not know why defendant Manning was a party in this lawsuit and that he did not really intend to sue him. The court, however, must alter and amend the jury award to bring the jury's findings of actual damages in line with the law. The jury has found that plaintiffs suffered $4,000.00 in actual damages and found defendant Shawnee Mission Ford liable for these damages. Likewise, the same award of damages should have been entered against defendant Manning, since he was also found liable for fraud. Therefore, the court will alter and amend the judgment to reflect an award of damages in the amount of $4,000.00 against defendant Manning. The court notes that the real effect of this amendment of judgment is theoretical in light of the court's finding in part B.2. of this Memorandum and Order.

■ Finally, plaintiffs argue that the verdicts are inconsistent in regard to the findings on the federal odometer statute claim and common law fraud. Plaintiffs argue that the claims under common law fraud and the federal odometer statute must stand or fall together. Plaintiffs contend that since the jury found in their favor on the common law fraud claim, the verdicts are contradictory in finding for defendants on the federal odometer statutory claim. The court cannot agree. To establish liability under the federal odometer statute, plaintiffs were required to show that the defendants knew or should have known of the incorrect odometer reading (*see* discussion in part A.2. above). Under common law fraud, however, plaintiffs could recover if defendants recklessly made a false representation without knowledge of its truth or falsity. Thus, the jury could find that defendants made a false statement concerning the vehicle's mileage without actual or constructive knowledge that it was a false statement, but with reckless disregard for the statement's truthfulness. Therefore, the jury could impose liability under the common law fraud theory but not under the federal odometer statute.

### 4. The Magnuson–Moss Warranty Act claims.

Plaintiffs ask the court to enter judgment notwithstanding the verdict in their favor on the warranty claims. Plaintiffs have failed to present any reasons to support this motion. Plaintiffs mention that the court failed to eliminate language in the instructions that vertical privity might bar recovery on a breach of warranty claim. This is incorrect. After the conference on jury instructions, the court agreed with plaintiffs on this matter and removed all references to vertical privity in the warranty instruction which was read to and provided to the jury. The court will deny plaintiffs' motion for judgment notwithstanding the verdict on this claim.

### B. Defendant Shawnee Mission Ford's Motions for Judgment Notwithstanding the Verdict or to Alter or Amend Judgment.

### 1. Evidence does not support finding liability on common law fraud.

Defendant Shawnee Mission Ford argues that the evidence presented at trial cannot

support a finding that it committed fraud on plaintiffs. Specifically, defendants argue that plaintiffs cannot show reliance on any representation made by the defendant Shawnee Mission Ford. Plaintiff Joseph Haynes testified at trial that when he bought the vehicle, he relied on statements made by Schlozman Ford, not Shawnee Mission Ford, regarding the vehicle's mileage. Plaintiffs did not know defendant had previously owned the car until about three weeks after they had purchased the vehicle. Shawnee Mission Ford argues that in light of a recent Kansas Supreme Court decision, *Slaymaker v. Westgate State Bank*, 241 Kan. 525, 739 P.2d 444 (1987), plaintiffs cannot recover on fraud because they personally did not rely on any statement made by Shawnee Mission Ford. Plaintiffs argue in opposition to this motion that Kansas law does not require privity between the party making the fraudulent misrepresentation and the party relying on it. Plaintiffs cite *Griffith v. Byers Const. Co.*, 212 Kan. 65, 510 P.2d 198 (1973) and *Citizens State Bank v. Gilmore*, 226 Kan. 662, 603 P.2d 605 (1979).

In *Slaymaker*, the court found that plaintiff did not rely on defendant's representation and therefore the defendant was properly granted summary judgment on the common law fraud claim. The Kansas court made this finding, however, not because defendant had never made a direct face-to-face representation to plaintiff. Instead, the court said that plaintiff did not rely because plaintiff was skeptical of defendant's representation that the car was in "original condition" and had less than 600 miles on it. In fact, plaintiff did not believe these representations and instead relied on defendant's warranty to repurchase the car if the statement was not true. Plaintiff Slaymaker did not rely on the statements made by defendant, but on the warranty, and therefore no fraud action could be maintained.

■ The *Slaymaker* case does not support the proposition argued by Shawnee Mission Ford. Shawnee Mission Ford would like this court to rule that plaintiffs must rely on a direct statement of a defendant and know of defendant's representation. However, Kansas law states that a person making a fraudulent statement is liable to the class of persons whom he intends or has reason to expect to rely on the misrepresentation. *See Griffith*, 212 Kan. at 73, 510 P.2d at 205; *see also Citizens State Bank*, 226 Kan. at 668–70, 603 P.2d at 607. Plaintiffs were in a class of persons to whom defendant could be liable for fraud (prospective automobile purchasers). Therefore, the court will not set aside the jury's verdict on the common law fraud claim, finding that there is sufficient evidence to support this claim.

2. Shawnee Mission Ford's motion to alter or amend judgment to credit Shawnee Mission Ford as a joint tortfeasor.

Defendant Shawnee Mission Ford contends that it is entitled to a credit for the amounts paid by the other defendants in settlement of plaintiffs' claims. Defendants Ray Smith Ford and Schlozman Ford Motor Company paid $15,000 in exchange for plaintiffs' release of their claims. Also, plaintiffs accepted $2,250.00 as the settlement of their claims against defendant Gary Ellis. Therefore, plaintiffs have received a total of $17,250.00 from defendants other than defendant Shawnee Mission Ford. The jury found as fact that plaintiffs had suffered actual damages amounting to only $4,000.00.

■ Defendant Shawnee Mission Ford is correct that it is jointly and severally liable with the other tortfeasors. In Kansas, the concept of joint and several liability has been replaced by individual judgment liability for proportional fault in the realm of negligence. *Glenn Fleming*, 240 Kan. 724, 730, 732 P.2d 750, 755 (1987). Nevertheless, with respect to intentional torts like fraud, joint and several liability is still the rule. *Lynn v. Taylor*, 7 Kan. App.2d 369, 372–73, 642 P.2d 131, 135 (1982). Therefore, the amount recoverable from defendant Shawnee Mission Ford must be reduced by the amount recovered from the other joint tortfeasors.

Defendant Shawnee Mission Ford is liable to plaintiffs for their actual damages of

$4,000.00. This amount, however, must be reduced by the amount recovered from the other jointly and severally liable defendants ($17,250.00). Since plaintiffs have already received an amount which exceeds the amount of recovery in this case, the court finds that defendant Shawnee Mission Ford is not obligated to pay plaintiffs anything. Thus, the court will grant Shawnee Mission Ford's motion to amend the judgment to reflect that plaintiffs are not entitled to any recovery of damages against defendant Shawnee Mission Ford, even though judgment was entered in their favor on the fraud claim.

Sua sponte, the court will reduce the award against defendant Manning, since he, too, is entitled to the benefits of a joint and severally liable tortfeasor. The award against defendant Manning as earlier altered by the court (*i.e.*, $4,000.00) must be further altered to reflect a reduction for amounts already recovered by plaintiffs ($17,250.00). Thus, the court will amend the judgment to reflect that plaintiffs are not entitled to any damage recovery from defendant Manning.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motions for a new trial and for judgment notwithstanding the verdict are denied. IT IS FURTHER ORDERED that plaintiffs' motion to alter or amend judgment is granted in part. The award of damages against defendant Manning is amended to reflect an award of $4,000.00.

IT IS FURTHER ORDERED that defendant Shawnee Mission Ford's motion for judgment notwithstanding the verdict is denied. IT IS FURTHER ORDERED that defendant Shawnee Mission Ford's motion to alter or amend judgment is granted. The judgment is amended to reflect that plaintiffs' award of damages is reduced to nothing. IT IS FURTHER ORDERED that the award of damages against defendant Manning is further amended to reduce the award to nothing.