**Diana L. MASON, Individually and as Administrator of the Estate of Otis W. Mason, Deceased, Plaintiff,**

v.

**TEXACO, INC., Defendant.**

**Civ. A. No. 78–1337.**

United States District Court, D. Kansas.

Dec. 5, 1989.

## MEMORANDUM AND ORDER

THEIS, District Judge.

Plaintiff brought this products liability action for the death of her husband, alleging that he developed leukemia through exposure to defendant's product "benzene." Defendant moved for permission to cross-examine Mason with prior pleadings in this action. Defendant contends that plaintiff's present position, which asserts that Texaco, as the manufacturer, is solely responsible for her damages, is inconsistent with her earlier tort claims against another manufacturer of benzene and various distributors of Texaco's product. The Court denied defendant's motion to cross-examine plaintiff with the pleadings, but reserved judgment as to the admissibility of this evidence in defendant's case in chief. The Court provides this memorandum order to further explain its denial of defendant's motion to cross examine and to rule on the pending matter.

Defendant argues that the prior pleadings are admissible both as impeachment evidence and as "prior inconsistent statements" under Fed.R.Evid. 801(d)(2)(C). Thus, defendant seeks to introduce this evidence both for impeachment, as well as for substantive purposes. The established rule is that prior pleadings may be considered

as adverse evidentiary admissions in subsequent proceedings. *See Sunkyong Int'l, Inc. v. Anderson Land & Livestock Co.,* 828 F.2d 1245, 1249 n. 3 (8th Cir.1987) (admitting into evidence defendant's first answer to complaint in which defendant had admitted involvement in business operation although amended answer denied involvement); *Williams v. Union Carbide Corp.,* 790 F.2d 552, 555–56 (6th Cir.), *cert. denied,* 479 U.S. 992, 107 S.Ct. 591, 93 L.Ed.2d 592 (1986) (finding reversible error for trial court's exclusion of allegations made in an earlier complaint in which plaintiff had alleged that his injuries were received someplace other than defendant's chemical plant); *White v. Arco/Polymers, Inc.,* 720 F.2d 1391, 1396 (5th Cir.1983) (plaintiff's original complaint stating date on which he was discharged from employment operated as an adverse evidentiary admission to be considered by trier of fact in resolving this factual issue); *Contractor Utility Sales v. Certain–Teed Prods.,* 638 F.2d 1061, 1084 (7th Cir.1981) (reversible error for trial court to exclude first pleading in which plaintiff alleged defendant made one promise, but in final complaint plaintiff alleged defendant had made a different promise inconsistent with the first); *Raulie v. United States,* 400 F.2d 487, 526 (10th Cir.1968) (earlier pleading admissible to prove matters of objective fact).

Most cases allowing disclosure of "evidentiary admissions" contained in prior pleadings have dealt with situations in which the prior admissible statements were objective facts, as opposed to legal allegations. The Court's research has revealed relatively few cases, reaching different results, in which courts have squarely addressed whether mere allegations of fault against parties in a prior pleading may be introduced as an evidentiary admission in a subsequent proceeding.

In *Burdis v. Texas & Pac. Ry. Co.,* 569 F.2d 320 (5th Cir.1978), the plaintiff sued a railroad in federal court for injuries received in a car accident. The Fifth Circuit allowed introduction of an earlier state court petition in which the plaintiff had alleged negligence on the part of the driver of the car, explaining:

> If the driver of the car was behaving negligently and [plaintiff] was aware of it, the issue of contributory negligence by [plaintiff] could be raised.... The [state] petition, then, was properly admitted as speaking to the issue of [plaintiff's] contributory negligence.

*Burdis,* at 323–24. *See also Haynes v. Manning,* 717 F.Supp. 730 (D.Kan.1989) (claims against former defendants admissible); *Trexlar v. Seaboard Sys. R.R., Inc.,* 641 F.Supp. 688 (W.D.N.C.1986).

Interestingly, the Fifth Circuit reached a different result the same year it decided *Burdis.* In *Mitchell v. Fruehauf Corp.,* 568 F.2d 1139, *reh'g denied,* 570 F.2d 1391 (5th Cir.1978), plaintiff first filed a negligence suit in state court against the driver and owner of a tractor-trailer that had collided with a truck driven by plaintiff. After settling with these parties, plaintiff filed suit in federal court against the manufacturer of the tractor-trailer, alleging "defective design." The court stated the rule that "[p]rior pleadings are admissible if such pleadings indicate that the party against whom they are admitted has adopted a position *inconsistent with* that in the earlier litigation." *Id.* at 1147 (emphasis supplied). The court found no inconsistency between the prior suit based on negligence and the federal suit based on defect of design. For this reason, the court upheld the trial court's exclusion of the earlier state court pleadings.

In *Estate of Spinosa v. International Harvester Co.,* 621 F.2d 1154 (1st Cir.1980), the court also addressed the requirement of inconsistency as a predicate to admitting evidence of prior pleadings. The plaintiff initially brought suit in state court against the owner of a truck driven by plaintiff, alleging injuries due to the negligent failure of the owner to maintain his truck. After the plaintiff and truck owner had settled, the plaintiff sued the manufacturer of the truck for breach of duty to design a reasonably safe vehicle. The court found no inconsistency between the two pleadings, because the plaintiff had never claimed that the owner's failure to properly

maintain his truck was the *sole* cause of the accident. The court stated:

> It is not inconsistent for suit to be brought against the owner and the manufacturer of the vehicle, since both can have a role in the plaintiff's injury.

*Id.* at 1157. Because plaintiff's claims of negligence against two separate tortfeasors were not mutually exclusive, the court upheld the trial court's exclusion of the evidence of the prior pleadings. *See also Parkinson v. California Co.*, 233 F.2d 432, 438 (10th Cir.1956) (questioning inconsistency between earlier pleading that asserted fault against manufacturer, distributor, and retailer, and subsequent pleading that omitted retailer).

As seen in the *Fruehauf* and *Spinosa* cases, the Fifth and First Circuits have imposed upon the general rule of admissibility a requirement of "inconsistency" between the two pleadings. *See also Contractor Utility Sales v. Certain–Teed Prods.*, 638 F.2d 1061, 1084 (7th Cir.1981) (indicating that there must be an inconsistency between the original and final complaint); *Fidelity & Deposit Co. v. Hudson United Bank*, 653 F.2d 766, 777 (3d Cir. 1981) (same). For two reasons, however, the Court does not base its decision on these grounds. First, arguable inconsistency is a matter that is more appropriately resolved by the jury. *In re A.H. Robins Co.*, 575 F.Supp. 718, 726 (D.Kan.1983). Second, although the cases do not discuss this distinction, the argument may be made that the requirement of inconsistency relates only to the Fed.R.Evid. 613, which allows impeachment of a witness through prior inconsistent statements. Because Texaco seeks to introduce the prior pleadings also under Fed.R.Evid. 801(d)(2)—a hearsay rule that facially imposes no requirement of inconsistency—Mason's prior pleadings may be admissible even if they are not inconsistent with her present stance. *Cf. Spinosa*, 621 F.2d at 1157 n. 2 (questioning relevancy of a prior pleading that is not inconsistent with the amended pleading).

■ Fed.R.Evid. 801(d)(2) exempts from the hearsay rule statements offered against a party that were made by the party or her representative. This rule operates only to remove such statements from the hearsay prohibition, however, and does not address whether such statements are otherwise admissible under Fed.R.Evid. 403. *See Boren v. Sable*, 887 F.2d 1032, 1037 (10th Cir.1989) (no abuse of discretion for trial court to exclude Rule 801(d)(2) statements on grounds that potential for unfair prejudice exceeds any probative value). Plaintiff argues that any probative value of the prior pleadings is substantially outweighed by certain prejudices to plaintiff's case. The Court analyzes this contention at some length.

Under the Federal Rules, any evidence tending to prove or disprove the existence of a consequential fact is relevant. Fed.R. Evid. 401. Defendant has argued that the prior pleadings are relevant because they demonstrate plaintiff's former *belief* that other parties were negligent. Tr. Vol. 36, at 3678–79. *See Williams v. Union Carbide Corp.*, 790 F.2d 552, 556 (6th Cir.1986) (finding relevant plaintiff's belief that injuries were caused by a different accident). Indeed, this belief appears to be the only thing the prior pleadings could possibly demonstrate. The Court has considerable reservations as to the probative value of the conclusory allegations or beliefs of interested litigants. If defendant were to proffer evidence, through testimony or otherwise, that Texaco or its counsel *believed* the former defendants were at fault, plaintiff would surely find such "evidence" objectionable as irrelevant. Similarly, if Mason or her legal counsel wished to submit evidence expressing their naked personal opinion or belief as to the fault of Texaco, defendant would presumably raise equally strident challenges to the relevancy of this "evidence." *See* Fed.R.Evid. 704 advisory committee's note (opinions that are phrased in terms of inadequately explored legal criteria or that simply tell the jury what result to reach are inadmissible notwithstanding abolition of ultimate issue rule). At the time plaintiff assessed fault against the former defendants, she had a good-faith, adversarial incentive to make such allegations—just as Texaco now has a good-faith,

adversarial incentive to make identical allegations concerning these same defendants. Therefore, any relevancy in plaintiff's former belief on the subject of other parties' fault must derive from the simple fact that this belief is now adverse to her present position.

Notwithstanding the extremely low probative value of plaintiff's former beliefs, the Court recognizes that this consideration traditionally has not presented a significant obstacle to the admission of adverse party statements:

> No guarantee of trustworthiness is required in the case an admission. The freedom which admissions have enjoyed from technical demands of searching for an assurance of trustworthiness in some against-interest circumstance, and from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge, when taken with the apparently prevalent satisfaction with the results, calls for a generous treatment of this avenue to admissibility.

Fed.R.Evid. 801(d)(2) advisory committee's note. *See also A.H. Robins,* 575 F.Supp. at 724; 4 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 801(d)(2)[01], at 801–186 (statement may have been self-serving when made). Granting this evidence the liberal treatment intended by the drafters of the Federal Rules, the Court finds that the minimal probative value of plaintiff's former pleadings does not in and of itself operate as a bar to their admission into evidence.

■■■ Nonetheless, plaintiff argues for exclusion of this evidence on the grounds that its introduction would necessarily lead to the disclosure of prejudicial material. During oral argument, plaintiff's counsel represented that introducing this evidence would require plaintiff to explain why she no longer believes the former defendants are at fault. Texaco countered that such an explanation would then entitle defendant to introduce evidence of a settlement between plaintiff and one of the former defendants. Tr. Vol. 36, at 3583. The Court agrees with both parties on this issue. If the jury were to accurately assess the import of plaintiff's previous allegations made in the pleadings and proceedings of this case, fairness would dictate that plaintiff be allowed to present the various legal and subjective motivations underlying "her" decisions—or as is far more likely, her lawyers' decisions.[1] *Williams,* 790 F.2d at 556 (if pleadings are admitted, plaintiff must be allowed to account for previous lawsuits); *Haynes,* 717 F.Supp. at 733 (citing *Dreier v. Upjohn Co.,* 196 Conn. 242, 247, 492 A.2d 164, 167–68 (1985)). In turn, this evidence would constrain the Court to allow disclosure of any evidence tending to refute plaintiff's proffered explanations, including the existence of a settlement. Contrary to plaintiff's assertion, however, admission of the Gerin settlement does not naturally flow from the introduction of the pleadings into evidence.[2] Rather, disclosure of the settlement would be required only at the point where plaintiff would attempt to present an incomplete explanation of the absence of the former defendants.

■■■ Although the Court finds that the reception of the pleadings into evidence does not automatically require the disclosure of potentially prejudicial material, dangers of a different nature inhere in the *manner* in which Texaco seeks to introduce this evidence. Defendant has argued that the pleadings are relevant as impeachment evidence inasmuch as they demonstrate an inconsistency between plaintiff's

---

1. The only former defendant that plaintiff's counsel did not "decide" to omit from this trial is Ashland Chemical Company, another manufacturer of benzene whom the Court decided to omit upon Ashland's motion for a directed verdict in the first trial. If plaintiff chooses to offer an explanation for the absence of the former defendants, a complete and accurate account would also require disclosure of the directed verdict.

2. With deference to Judge Saffels' opinion in *Haynes,* the Court does not view plaintiff's settlement with Gerin as in any way necessary to assist the jury in understanding this case. Whatever interest the procedural history of this case may hold for students of law, it is of no concern to the jury, unless, of course, plaintiff's counsel decides that it is necessary to explain their present posture.

former position and her trial posture. On the other hand, plaintiff's counsel contends that it is nonsensical to cross examine Mrs. Mason with the pleadings because she is unfamiliar with both the contents of the pleadings as well as the factual and legal motivations underlying the decisions of whom to sue. The Court recognizes that a client is bound by the statements of counsel and that such statements may be used at trial as substantive and impeachment evidence against the client. *Frank v. Bloom,* 634 F.2d 1245, 1251 (10th Cir.1980) (factual statements made by attorney acting in agency capacity admissible against client even if client disputes the statements made on his behalf). In this complex chain-of-distribution case, however, the matter to be introduced concerns legal decisions made by plaintiff's counsel rather than the plaintiff herself. To allow a cross examination of Mrs. Mason on matters in which she played no meaningful role would be, at best, a waste of time. Mrs. Mason is in no position to explain why her lawyers decided to sue some parties, while excluding others, or to explain the various legal theories under which counsel elected to proceed.[3] At worst, this line of questioning would result in unfair prejudice to plaintiff by casting her in a confused light.

It is apparent that defendant does not seek to cast aspersions on the veracity of Mrs. Mason or on any matter to which she testified,[4] but rather, to impeach plaintiff's present assertion that only Texaco is responsible for her husband's death. Given the low probative value of the pleadings and the substantial prejudice that would result from examining Mrs. Mason with this evidence, the Court finds it appropriate to limit the manner in which defendant may introduce the pleadings. Defendant may adequately expose plaintiff's former positions by simply reading the pleadings into evidence, and the Court will provide an appropriate instruction setting forth the limited purpose of this evidence. If they choose, both defendant and plaintiff will be able to present their views during closing argument as to the relevancy of this evidence. Likewise, closing argument will afford plaintiff's counsel the opportunity to explain why plaintiff no longer asserts claims against other parties for the death of Otis Mason. In this way, the parties' right to disclose presumptively admissible evidence is protected, undue delay and a confusing presentation is avoided, and the burden of explaining previous lawsuits is shifted to the persons who made those decisions. *See* Fed.R.Evid. 103(a) (error only for exclusion of evidence affecting a substantial right of party).

█ The Court wishes to address one additional matter before closing. Plaintiff's counsel stated during argument that *all* of the pleadings, including Texaco's answer, should be admissible if any of them are. The Court's analysis with respect to plaintiff's former pleadings applies with equal force to defendant's answer, and the Court will therefore allow it to be read into evidence for the purpose of disclosing former positions taken by Texaco.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to cross-examine plaintiff with her prior pleadings is denied.

IT IS FURTHER ORDERED that defendant and plaintiff shall be allowed to read the respective pleadings of their opponents into evidence for the limited purpose of disclosing prior positions taken.

---

**3.** Among the readily apparent legal concepts that Mrs. Mason would be called upon to explain are: personal jurisdiction; third party complaints; the discovery process; and the directed verdict.

**4.** The only exception to this statement is Mason's testimony concerning the dates and places of her husband's exposure to benzene. Accordingly, the Court allowed defendant to cross-examine her on these matters with the prior pleadings, which varied in some particulars from Mason's testimony.