**AUTO SPORT MOTORS, INC., Plaintiff,**

v.

**BRUNO AUTO DEALERS, INC. and Brielle Motors, Inc., Defendants.**

**No. 89 Civ. 0672.**

United States District Court, S.D. New York.

Oct. 3, 1989.

---

Campbell, McMillan, Bosco, Penzel, Danzig & Maker by Keith McMillan, of counsel, New Rochelle, N.Y., for plaintiff.

Stanley Weissman, of counsel, Mineola, N.Y., for defendant Bruno Auto Dealers, Inc.

Lian, Geringer & Dolan by Anthony J. Centone, of counsel, New York City, for defendant Brielle Motors, Inc.

## OPINION

GOETTEL, District Judge:

This is an action to enforce liability for violations of the federal odometer disclosure requirements embodied in the Motor Vehicle Information and Cost Savings Act. 15 U.S.C. §§ 1981–1991 (1982). This statute, and the regulations promulgated thereunder, provide that an automobile dealer must disclose to the transferee of a vehicle the accurate mileage as set forth on the odometer, or disclose that the actual mileage is unknown if the dealer knows that the odometer reading is not accurate. 15 U.S.C. § 1988(a) (1982); 49 C.F.R. §§ 580.-1–580.7 (1986). This statute may be enforced civilly against "any person who, with intent to defraud, violates any requirement imposed." 15 U.S.C. § 1989(a) (1982).[1] The plaintiff has initiated this action against the dealer who sold it a 1985 Buick Park Avenue and the owner who preceded that dealer. Both defendants have moved for summary judgment.

The chain of ownership of the 1985 Buick Park Avenue, as set forth in the plaintiff's affidavit in opposition to the defendants' motions for summary judgment, begins with Drummy Leasing. At some point in time, Drummy Leasing transferred the vehicle to Malibu Autos, Inc. On April 6, 1987, the car was transferred by Malibu to Jeffrey Eisenstein for $7,700.00. The sales receipt certifies an odometer reading of 80,579 miles. On or about April 22, 1987, the car was transferred to the Car Center in New Jersey. The application for certificate of ownership, completed by the Car Center on April 21, 1987, states an odometer reading of 21,105 miles.[2] The car was then transferred to Scerbo & Sons, Inc. and then transferred to defendant Brielle Motors, Inc. on or about April 22, 1987. Brielle sold the car to defendant Bruno Auto Dealers, Inc. on October 12, 1987. The plaintiff purchased the car on October 13, 1987 for $8,600. The odometer reading of the car at this time was 29,771 miles.[3]

1. A successful litigant under section 1989 can recover three times the actual damages sustained or $1,500, whichever is greater along with costs and reasonable attorney fees. 15 U.S.C. § 1989(a) (1982).

2. We have been advised by the parties that the Car Center has since been prosecuted criminally for violations of the odometer disclosure requirements.

3. The plaintiff then sold the vehicle to a layperson who became aware of the false odometer reading after trying to register the car in Kansas. When confronted with the falsity, the plaintiff returned the purchase price to the purchaser. We are advised that the car in question is currently sitting on a lot in Kansas.

The plaintiff instituted this action against Bruno Auto Dealers, Inc. and Brielle Motors, Inc. on or about January 23, 1989. It is not suggested that either of the defendants are responsible for tampering with the car's odometer. Rather, the plaintiff argues that the defendants' certifications that the odometer reading of 29,771 miles was accurate constituted false statements in violation of 15 U.S.C. § 1988, imposing liability under section 1989 on both defendants. The defendants argue that they had no knowledge that the odometer had been tampered with, nor did they know that the stated mileage was incorrect. Accordingly, the defendants have moved for summary judgment contending that the plaintiff cannot prove that they had the requisite intent to deceive.

█ As an initial matter, it appears that the question raised by the defendants' motions—whether the transferor of an automobile may be held liable under the Motor Vehicle Information and Cost Savings Act despite the fact that he lacked actual knowledge that the mileage of the vehicle was not as stated on the odometer—is one of first impression in this district and in the Second Circuit. Section 1988 of the statute requires auto dealers to alert purchasers to odometer irregularities. 15 U.S.C. § 1988 (1982).[4] The legislative history incident to that section states that

> the test of "knowingly" was incorporated so that the auto dealer with expertise now would have an affirmative duty to mark "true mileage unknown" if, *in the exercise of reasonable care*, he would have reason to know that the mileage was more than that which the odometer had recorded or which the previous owner had certified.

1972 U.S.Code, Cong. & Adm. News, 3960, 3971–72 (emphasis added). Although section 1989 of the statute adds an "intent to defraud" requirement, we do not think it abandons the reasonableness standard apparent in the legislative history. The apparent purpose of section 1989 is to give teeth to the disclosure requirements by creating substantial civil penalties for violations of the statute. *Shipe v. Mason*, 500 F.Supp. 243, 245 (E.D.Tenn.1978), *aff'd* 633 F.2d 218 (6th Cir.1980). A construction of section 1989 that would require a finding of actual knowledge of odometer inaccuracies clearly runs contrary to the goals of the statute. *Jones v. Fenton Ford, Inc.*, 427 F.Supp. 1328, 1333 (D.Conn.1977).

Most courts that have addressed this issue have rejected a construction of the statute that would require proof of actual knowledge. *See, e.g., Ryan v. Edwards*, 592 F.2d 756, 762 (4th Cir.1979) ("Constructive knowledge, recklessness, or even gross negligence in determining and disclosing the actual mileage traveled by a vehicle have been held sufficient to support a finding of intent to defraud under the statute."); *Nieto v. Pence*, 578 F.2d 640, 642 (5th Cir.1978) (liability may be imposed when "a transferor reasonably should have known that a vehicle's odometer reading was incorrect"); *Oettinger v. Lakeview Motors, Inc.*, 675 F.Supp. 1488, 1493 (E.D. Va.1988) ("[A] dealer is subject to liability where he recklessly disregards the truth as to a car's actual mileage."); *Kantorczyk v. New Stanton Auto Auction, Inc.*, 433 F.Supp. 889, 893 (W.D.Pa.1977) (recklessness can rise to the level of fraudulent intent); *Jones v. Fenton Ford, Inc.*, 427 F.Supp. 1328, 1335 (D.Conn.1977) (something more than mere negligence required). *But see Mataya v. Behm Motors, Inc.*, 409 F.Supp. 65, 69 (E.D.Wis.1976) (actual knowledge required).

We agree with the majority view that a dealer of used cars may be held liable in the absence of actual knowledge if he reasonably should have known that the odome-

---

4. 15 U.S.C. § 1988 (1982) provides as follows: (a) Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

(1) Disclosure of the cumulative mileage registered on the odometer.

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number or miles the vehicle has actually travelled.

ter reading was incorrect.[5] One may not consciously avoid learning that the true mileage of a vehicle is not as it appears on the odometer. Factual circumstances such as would alert a seller to the probable inaccuracy of the odometer reading give rise to a duty of further investigation.[6] *See Nieto v. Pence,* 578 F.2d 640, 641 (5th Cir.1978) (constructive knowledge could be inferred from an odometer reading of 14,-000 miles on a ten year old truck when defendant had been in the auto business for 12 years).

 The fact that a 1985 Buick Park Avenue had less than 30,000 miles on it in 1987, when it was only two years old, is not suspicious enough alone to impose on the defendants a duty of investigation. Additional issues raised at the oral argument of the defendants' motions for summary judgment, however, indicate the need for discovery as to the reasonableness of the defendants' conduct.[7] The plaintiff indicated at oral argument that the defendants may have had documentation attesting to the chain of ownership of the vehicle that would have put them on notice to the misleading odometer reading.[8] Moreover, the physical condition of the vehicle at the time of sale to the plaintiff has not been explored through discovery. *See supra* note 6. Until discovery is completed, the full breadth of factual circumstances surrounding the purchase and sale of this vehicle will remain unknown. Summary judgment,

therefore, is inappropriate at this time. Fed.R.Civ.P. 56(c). Consequently, the defendants' motions for summary judgment are denied. All discovery must be completed within 80 days.

SO ORDERED.

---

5. An assessment of the reasonableness of a seller's conduct must include reference to the seller's experience in car sales. What is reasonable for a layperson may not be so for an individual engaged in the business of buying and selling used cars. It is for this reason that we are somewhat troubled by the posture that the plaintiff has taken in this action. Although all the parties are engaged in the used car business, the plaintiff seeks to hold the defendants to a higher standard of care than it was willing to exercise itself. In essence, the plaintiff argues that there is an obligation on the dealer to obtain the complete history of prior transfers of the vehicle—something it did not itself do.

6. Circumstances giving rise to a duty to inquire include unreasonably low mileage in relation to the year of the car, the condition of the tires and the condition of the interior and exterior of the car. There has been no proof offered that the

overt appearance of the car was such as to cause suspicion. However, the consumer who purchased the vehicle from the plaintiff soon needed a transmission repair, something rarely needed on a vehicle driven less than 30,000 miles. There is no proof offered as to whether defendants should have, in the exercise of reasonable care, detected this.

7. At the Rule 16 scheduling conference, the plaintiff's counsel indicated that this was an issue of law capable of resolution by motion. He has now apparently abandoned that position in order to defeat the defendants' summary judgment motions.

8. Defendant Brielle held the car for approximately six months before selling it to Bruno and could have made discoveries during that period giving rise to a suspicion of odometer inaccuracy.