Terryl DALUZ, Plaintiff,

v.

ACME AUTO BODY & SALES,
INC., Defendant.

No. 3:90CV00719 (WWE).

United States District Court,
D. Connecticut.

Dec. 10, 1992.

Joanne Faulkner, New Haven, CT, for plaintiff.

Max F. Brunswick, New Haven, CT, for defendant.

## RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff, Terryl Daluz, brought this action against Defendant, ACME Auto Body & Sales, Inc. ("ACME") alleging that ACME violated the Motor Vehicle Information and Cost Savings Act ("MVICS Act"), 15 U.S.C. § 1989. This case is now before the court on cross-motions for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, both motions will be denied.

### FACTS

Defendant ACME has been selling used cars for over twelve years. In December 1988, ACME sold Plaintiff Daluz his first car, a used 1984 Renault Fuego. Although the National Automobile Dealers Association Used Car Guide listed the car's value as $1,625, ACME sold it to Daluz for $2,200 plus sales tax and motor vehicle fees. Daluz borrowed money from a local credit union to pay for the car.

There is considerable dispute as to whether an odometer statement was provided to

Daluz, as required by the federal regulations passed under the MVICS Act. *See* 49 C.F.R. § 580. During discovery, ACME provided Daluz with the original buyer's copy of the edometer statement, which recited the car's mileage as 70,459. ACME contends that its salesperson mistakenly gave Daluz the pink carbon copy of the odometer statement. Daluz, however, vigorously asserts that he never received a pink or a white copy of the odometer statement, that his signature on the odometer statement was forged, and that even if he did receive a copy of the odometer statement, it was incomplete because ACME failed to certify the accuracy of the reported mileage.

At the time of purchase, ACME represented to Daluz that the car was in good condition and fit for driving. This representation, however, proved to be false, since the car needed such extensive repair work that ACME could not deliver the car on time. Specifically, the engine's head and head gaskets had to be replaced. Because of the delays, Daluz canceled the sale and demanded a refund. When ACME refused to refund Daluz's money, Daluz requested that the Department of Motor Vehicles ("DMV") investigate his case. After its investigation, the DMV found that ACME had violated Conn. Gen.Stat. § 14–64(4) because it improperly certified the car as fit for the road. The car was found to be unfit for driving because it had an expired emission sticker.

Subsequently, Daluz filed a suit in state court to recover his money from ACME. Although ACME sent Daluz a refund check, the check contained a restrictive endorsement that if cashed would have prevented Daluz from obtaining interest on the loan, insurance costs, court costs, and attorneys fees which he had incurred. Thus, Daluz refused to accept the check.

Daluz filed the instant action against ACME in December, 1990, alleging that ACME had reason to know that the reported 70,459 miles was incorrect in light of the poor condition of the car at the time of sale, that ACME illegally accepted an incomplete odometer statement from its transferor, and illegally failed to provide Daluz with an odometer statement.

In February, 1991, ACME moved for summary judgment on the ground that plaintiff failed to prove intent to defraud, as required by the MVICS Act. In July 1991, Daluz cross-moved for summary judgment on the ground that defendant recklessly disregarded its duty to comply with the MVICS Act and this reckless disregard constitutes intent to defraud as a matter of law. Specifically, Daluz argued that in light of its many years of experience in selling cars and plaintiff's inexperience in buying cars, ACME's failure to certify the accuracy of the mileage, false statements with regard to the condition of the car, and habit of failing to supply odometer statements to its customers constitute intent to defraud.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.,* 664 F.2d 348, 351 (2d Cir.1981). This burden does not change when cross-motions for summary judgment are before the court; each motion must be judged on its own merits. *Schwabenbauer v. Board of Education,* 667 F.2d 305, 314 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

In an action brought pursuant to the MVICS Act, a plaintiff must prove that the defendant violated the statute with the intent to defraud. *Auto Sport Motors, Inc. v. Bruno Auto Dealers, Inc.,* 721 F.Supp. 63, 65 (S.D.N.Y.1989); *Jones v. Fenton Ford, Inc.,* 427 F.Supp. 1328, 1333 (D.Conn.1977). The regulations passed under the MVICS Act require every seller of a motor vehicle to

furnish the buyer with a written statement reciting the odometer reading at the time of transfer and the date of transfer and certifying the accuracy of the mileage recited. 49 C.F.R. § 580.4. In this case, it is undisputed that the ACME failed to provide the essential certifications in the Odometer Statement, and thus violated the statute on its face. The only remaining issue, therefore, is whether ACME failed to provide this information with the intent to defraud Daluz.

A plaintiff need not show actual knowledge to prove intent to defraud under the MVICS Act. Rather, a plaintiff may prevail by showing that a "defendant's statements were made recklessly or carelessly, without knowledge of their truth or falsity, or without reasonable grounds for belief in their truth." *Jones*, 427 F.Supp. at 1334. When the defendant seller is a dealer of cars, it has an affirmative duty to discover defects in odometer mileage reporting if it "reasonably should have known that the odometer reading was incorrect." The dealer's experience in car sales and unreasonably low mileage in relation to the year and condition of the car are relevant in assessing the reasonableness of a dealer's conduct. *Auto Sport Motors*, 721 F.Supp. at 65–66, n. 5 & n. 6. In addition, reckless preparation of paperwork and carelessness with record-keeping have been found to constitute intent to defraud. *Ryan v. Edwards*, 592 F.2d 756, 762 (4th Cir.1979); *Aldridge v. Billips*, 656 F.Supp. 975, 980 (W.D.Va.1987).

After careful review, it is clear that neither party is entitled to summary judgment. Material issues of fact exist regarding the accuracy of the reported mileage, whether the condition of the car was typical of similar cars with approximately 70,000 miles on them, whether ACME provided Daluz with an odometer statement, and, if Daluz was provided an odometer statement, whether ACME intentionally or recklessly failed to complete the form because it knew that the mileage was inaccurate. While plaintiff vigorously argues that discovery shows that ACME was reckless in preparing, providing, and retaining odometer statements, he has failed to provide the court with any documents in support of these statements. Plaintiff has also failed to provide the court with documentation of the Motor Vehicle Department's finding regarding the condition of the car or records from the state court action. Thus, when resolving all ambiguities and drawing all inferences in favor of ACME, Daluz has failed to show that he is entitled to summary judgment as a matter of law.

Similarly, ACME has failed to provide evidence to show that the mileage cited in the odometer statement was correct, that the condition of the car corresponded to the mileage reported, and that ACME kept careful records with regards to odometer statements. Therefore, when resolving all ambiguities and drawing all inferences in favor of Daluz, ACME has failed to prove that it is entitled to summary judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, both plaintiff's motion for summary judgment [24–1] and defendant's motion for summary judgment [7–1] are DENIED.