**Joseph E. HAYNES; Elaine Louise Haynes, Plaintiffs–Appellants,**

**v.**

**Richard J. MANNING; Shawnee Mission Ford, Inc., Defendants–Appellees.**

**Joseph E. HAYNES; Elaine Louise Haynes, Plaintiffs–Appellees,**

**v.**

**Richard J. MANNING, Defendant,**

**and**

**Shawnee Mission Ford, Inc., Defendant–Appellant.**

Nos. 89–3168, 89–3185.

United States Court of Appeals, Tenth Circuit.

Oct. 22, 1990.

Bernard E. Brown, of the Law Office of Bernard E. Brown (David M. Harding, of Van Osdol, Magruder, Erickson and Redmond, with him on the briefs), Kansas City, Mo., for plaintiffs-appellants.

Richard T. Merker (Kevin Bennett with him on the briefs), of Wallace, Saunders, Austin, Brown and Enochs, Chartered, Overland Park, Kan., for defendant-appellee Shawnee Mission Ford, Inc.

Before TACHA, EBEL, Circuit Judges, and JOHNSON,* District Judge.

PER CURIAM.

This action arises from plaintiffs', Joseph E. Haynes and Elaine Louise Haynes, purchase of a used Ford station wagon. The facts of this case are set forth in a published opinion of the district court and will not be repeated here. *See Haynes v. Manning*, 717 F.Supp. 730 (D.Kan.1989). Mr. and Mrs. Haynes sued all prior owners of the vehicle, except the original dealership which sold the car, for common law fraud, breach of warranty, and violation of the Motor Vehicle Information and Cost Sav-

* Honorable Alan B. Johnson, District Judge, United States District Court for the District of Wyoming, sitting by designation.

ings Act, 15 U.S.C. §§ 1981–1991 (federal odometer statute). Mr. and Mrs. Haynes alleged the car had 100,000 more miles on it than was represented by the odometer. After Mr. and Mrs. Haynes settled with most of the defendants, the case proceeded to jury trial against defendants Richard J. Manning and Shawnee Mission Ford, Inc. The jury found in favor of Mr. and Mrs. Haynes on the fraud claims and against them on the other claims. Mr. and Mrs. Haynes and Shawnee Mission Ford filed post-judgment motions. The district court denied Mr. and Mrs. Haynes' motion for new trial and for judgment notwithstanding the verdict and denied Shawnee Mission Ford's motion for judgment notwithstanding the verdict, but altered the judgment to reduce Mr. and Mrs. Haynes' award to zero. *Id.* Mr. and Mrs. Haynes appeal, and Shawnee Mission Ford cross appeals. We reverse and remand for a new trial on the federal odometer claims and affirm in all other respects.

■ Mr. and Mrs. Haynes challenge the instructions regarding the federal odometer statutes. First, they argue that the district court erred in instructing the jury that the standard of proof on the federal odometer claims was clear and convincing rather than preponderance of the evidence. Because the federal odometer legislation failed to specify a burden of proof, the district court looked to the Kansas common law fraud standard of clear and convincing evidence. *Id.* at 734–35. We agree with Mr. and Mrs. Haynes that the proper burden of proof is preponderance of the evidence.

"In a typical civil suit for money damages, plaintiffs must prove their case by a preponderance of the evidence." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 387, 103 S.Ct. 683, 690, 74 L.Ed.2d 548 (1983). Exceptions to this standard occur only in cases where the government has taken "coercive action" against an individual other than awarding money damages or conventional relief. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 1792, 104 L.Ed.2d 268 (1989). Proof by clear and convincing evidence is required

only when important individual interests or rights, such as termination of parental rights, involuntary commitment, deportation, or denaturalization, are at stake. *Id.; Huddleston*, 459 U.S. at 389, 103 S.Ct. at 691; *cf. Cruzan ex rel. Cruzan v. Director, Mo. Dep't of Health*, — U.S. —, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990) (clear and convincing standard applied when action taken against individual interest).

In *Huddleston*, the Supreme Court refused to require proof by clear and convincing evidence in a securities fraud action. 459 U.S. at 387–90, 103 S.Ct. at 690–92. In so holding, the Court stated that "[t]he interests of defendants in a securities case do not differ qualitatively from the interests of defendants sued for violations of other federal statutes such as the antitrust or civil rights laws, for which proof by a preponderance of the evidence suffices." *Id.* at 390, 103 S.Ct. at 691–92; *see Price Waterhouse*, 109 S.Ct. at 1792–93 (Title VII claim). The federal odometer statutes are not sufficiently different from securities fraud, antitrust, civil rights, and Title VII statutes to justify application of a different standard of proof. We hold that causes of action based on fraud for violation of the federal odometer statutes are governed by the preponderance of the evidence standard of proof, not the state's standard of proof for common law fraud. *Cf. Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1303 (7th Cir.1987) (civil RICO claim based on fraud), *cert. denied*, — U.S. —, 109 S.Ct. 3241, 106 L.Ed.2d 588 (1989). Accordingly, we conclude the district court in this case erred in failing to instruct that proof by a preponderance of the evidence is sufficient for liability for a violation of the federal odometer statutes.

■ Mr. and Mrs. Haynes also argue that the district court erred in instructing the jury that "intent to defraud" is defined as a "specific intent to deceive or cheat", rather than reckless disregard. To recover under 15 U.S.C. § 1989(a) of the federal odometer law, plaintiffs must prove defendants acted with an "intent to defraud." The district court defined "intent to de-

fraud" as requiring a "specific intent to deceive or cheat." *Haynes v. Manning,* 717 F.Supp. at 734. Mr. and Mrs. Haynes maintain "intent to defraud" should be defined as including reckless disregard. We agree.

As the district court indicated, one district court has held that "intent to defraud" means "to act wilfully and with the specific intent to deceive any purchaser or potential purchaser of a motor vehicle who inspects the odometer of a motor vehicle as an index of the condition and value of such vehicle." *Shipe v. Mason,* 500 F.Supp. 243, 245 (E.D. Tenn.1978), *aff'd,* 633 F.2d 218 (6th Cir. 1980). The majority of courts, however, have not defined "intent to defraud" in such a restrictive fashion. They have concluded that reckless disregard is sufficient to prove intent to defraud. *See, e.g., Tusa v. Omaha Auto. Auction, Inc.,* 712 F.2d 1248, 1253–54 (8th Cir.1983); *Ryan v. Edwards,* 592 F.2d 756, 762 (4th Cir.1979); *Nieto v. Pence,* 578 F.2d 640, 642 (5th Cir.1978); *Aldridge v. Billips,* 656 F.Supp. 975, 978–79 (W.D.Va.1987); *Kantorczyk v. New Stanton Auto Auction, Inc.,* 433 F.Supp. 889, 893 (W.D.Pa.1977); *Jones v. Fenton Ford, Inc.,* 427 F.Supp. 1328, 1336 (D.Conn.1977); *Duval v. Midwest Auto City, Inc.,* 425 F.Supp. 1381, 1387 (D.Neb. 1977), *aff'd,* 578 F.2d 721 (8th Cir.1978).

We conclude the approach taken by the majority of courts is the more well-reasoned approach. The federal odometer law imposes an affirmative duty on automobile dealers to discover defects. *Jones,* 427 F.Supp. at 1335. A transferor of a vehicle may be found to have intended to defraud if he had reason to know the mileage on the vehicle was more than was reflected by the odometer or certification of the previous owner and nevertheless failed to take reasonable steps to determine the actual mileage. *See Tusa,* 712 F.2d at 1253–54; *Nieto,* 578 F.2d at 642.

> [I]f a person lacks knowledge that an odometer disclosure statement is false only because he displays a reckless disregard for the truth, a fact finder can reasonably infer that the violation was committed with an intent to defraud a purchaser. The inference of an intent to defraud is no less compelling when a person lacks actual knowledge of a false odometer statement only by "clos[ing] his eyes to the truth."

*Tusa,* 712 F.2d at 1253–54 (citation omitted). Thus, we conclude the district court improperly instructed the jury. The jury should have been permitted to determine whether Mr. Manning's and Shawnee Mission Ford's conduct constituted an "intent to defraud" or reckless disregard of the actual miles of the vehicle.

In its cross appeal, Shawnee Mission Ford contends Mr. and Mrs. Haynes forfeited their federal odometer law claims by transferring the vehicle to their son in violation of the federal odometer law. Apparently, when Mr. Haynes transferred the vehicle to his son he indicated on the title application that there were only 57,500 miles on the vehicle and failed to execute a federal odometer statement as required by 49 C.F.R. § 580.5 (1989). Section 580.5 requires the transferor of a vehicle to provide a disclosure statement if the odometer reading is less than the number of miles the vehicle has been driven or the odometer has turned over. Because Mr. and Mrs. Haynes failed to provide this information to their son, Shawnee Mission Ford maintains they are precluded from seeking recovery from prior transferors.

Shawnee Mission Ford raised this issue in its motion for summary judgment. The district court rejected the argument on the ground that the legislative history indicated Congress did not intend to impose liability on private persons who had no knowledge of the federal odometer law requirements. *See* 38 Fed.Reg. 2978, 2979 (1973) ("a person who does not know of the requirement will not have 'intent to defraud' under [15 U.S.C. § 1989(a)] ... and will therefore not be subject to liability solely because he has failed to make the required statement"). The district court refused to punish Mr. and Mrs. Haynes for failing to comply with a technical requirement of which they may have been unaware by absolving other parties who should have been aware of the mileage discrepancy and who were aware of their

duty to make the statement and liability for failure to do so.[1]

Subsequent transferors with knowledge who fail to report actual mileage are not permitted to recover damages from previous transferors in the chain of violations. *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 141–42 (5th Cir.1985) (citing *Stier v. Park Pontiac, Inc.*, 391 F.Supp. 397, 401 (S.D.W.Va.1975)); *Galano v. McDonald Chevrolet–Oldsmobile, Inc.*, 644 F.Supp. 940 (W.D.Pa.1986). *But cf. Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 138–40, 88 S.Ct. 1981, 1984–85, 20 L.Ed.2d 982 (1968) (doctrine of *in pari delicto* is not a defense to an antitrust action).

> To allow such recoveries would permit violators in the later links of the deceptive chain to profit from earlier violators, when all are guilty of the same deceptive acts. Moreover, later violators would tend to ignore prior violations of others and to perpetuate the wrongdoing, only, upon their own guilt detection, being moved to *discover* the violations and to report them to the courts. Further, to allow such recoveries would mean that the original violator, although perhaps no more culpable than subsequent violators, could be burdened with an undetermined amount of liability depending on the length of the deceptive chain. Also, it is reasonable to conclude that a subsequent violator in the chain approves and ratifies the acts of previous wrongdoers when he continues the deception instead of discovering and reporting it, and consequently in equity and justice he should not be allowed to profit from violations of others whose acts he has approved and ratified.

*Stier*, 391 F.Supp. at 401 (emphasis in original).

■ Although many subsequent transferors will be barred from recovering damages due to their own violation of the federal odometer law, all subsequent private transferors with or without knowledge of actual mileage may not be barred from recovering damages. Private person trans-

ferors who are unaware of the requirement that they must provide a federal odometer statement do not have an "intent to defraud," and their failure to make the required statement will not preclude them from seeking damages from previous transferors. *See* 38 Fed.Reg. at 2979; *cf. Kantorczyk v. New Stanton Auto Auction, Inc.*, 433 F.Supp. at 893 (plaintiff's subsequent violation of federal odometer statute "perhaps innocent" and not precluding recovery). Knowledge of the requirement for providing a federal odometer disclosure statement is a fact question. Thus, whether Mr. and Mrs. Haynes knew of the requirement at the time they transferred the vehicle to their son is a question of fact appropriate for determination by a jury. Accordingly, the district court should have instructed the jury on this issue.

Because the instructions of the district court as a whole do not "fairly embody the law applicable to the issues involved" and potentially resulted in prejudice to the parties, *see Key v. Liquid Energy Corp.*, 906 F.2d 500, 505 (10th Cir.1990), this action is remanded for a new trial.

We have considered Mr. and Mrs. Haynes' other arguments on appeal, that (1) the district court erred in permitting introduction of evidence of their settlement with, and allegations in their complaint against, former defendants; (2) the district court erred in instructing the jury that to find violations of the odometer statutes by Shawnee Mission Ford it must find that Shawnee Mission Ford knew or should have known the vehicle had 100,000 more miles on it than the odometer showed; and (3) the district court erred in reducing the judgments against Mr. Manning and Shawnee Mission Ford after taking into account the settlement amounts with the former defendants. We conclude these arguments are without merit. Shawnee Mission Ford's argument in its cross-appeal that the jury verdict on common law fraud was not supported by the evidence or Kansas substantive law is likewise without merit.

1. The son subsequently transferred the vehicle back to Mr. Haynes.

The judgment of the United States District Court for the District of Kansas is REVERSED as to the federal odometer claims, and the action is REMANDED for a new trial in accordance with the guidelines set forth in this opinion for proper instruction for determining whether Mr. and Mrs. Haynes have standing to bring this suit and, if so, for proper instruction on the burden of proof and "intent to defraud." The judgment is AFFIRMED in all other respects for substantially the reasons stated by the district court in its opinion. *Haynes v. Manning*, 717 F.Supp. 730.