**Melissa LANDRUM, Plaintiff–Appellee,**

v.

**T.C. GODDARD d/b/a Goddard Auto Sales, Defendant–Appellant.**

**No. 90–1487**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1991.

Joseph C. Langston, Langston, Langston & Michael, Booneville, Miss., for defendant-appellant.

Danny L. Lowrey, Corinth, Miss., for plaintiff-appellee.

Before KING, GARWOOD, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

In an issue of first impression for this court, the appellant Goddard challenges the district court's jury instruction on the burden of proof required in an odometer tampering case. Finding no error, we affirm.

*Facts and District Court Proceedings*

CFR Leasing Corporation sold a Buick automobile bearing a Georgia certificate of title to Golden Auto Sales, a Mississippi entity. At the time of this transaction, the odometer read 71,534 miles. Golden trans-

ferred the car to Ransel's Auto Sales pursuant to an assignment noted on the back of the title certificate. The odometer reading at the time of this transfer was not noted on the title certificate, but a separate statement reflecting the reading was allegedly transferred. Ransel's then transferred the car to the appellant, a farmer who conducted a sideline business in used auto sales. Without inspecting the car or waiting for Ransel's to deliver the title to him,[1] the appellant authorized the Auto Barn to sell it to Stutts Motors. The odometer statement at the time of this transfer reflected an odometer reading of 41,609 miles. Stutts eventually sold the car to the appellee Landrum. At the time of that sale, the odometer read 42,493 miles.

Landrum was notified by the Georgia Department of Revenue that her Buick automobile had been sold in 1985 with an odometer reading of 71,534 miles. Based on this information, Landrum filed suit against Goddard alleging fraudulent odometer tampering in violation of 15 U.S.C. § 1981 et seq. At the conclusion of a jury trial, the judge instructed the jury, over Goddard's objection, that the plaintiff must prove fraudulent tampering by "a preponderance of the evidence." The jury returned a verdict in favor of Landrum from which Goddard takes this appeal.

### Odometer Tampering: The Burden of Proof

■ The appellant contends that the district court erroneously instructed the jury to apply the simple preponderance standard rather than the clear and convincing evidence standard to determine Goddard's liability. We disagree. A trial court has broad discretion to compose the instructions to the jury as long as they are fundamentally accurate and not misleading. *Gates v. Northwest Ins. Co.,* 881 F.2d 215 (5th Cir.1989), *cert. denied,* — U.S.

——, 110 S.Ct. 1320, 108 L.Ed.2d 495 (1990). The function of the reviewing court is to satisfy itself that the instructions show no tendency to confuse or mislead the jury with respect to the applicable principles of law. *Rohner, Gehrig, and Co. v. Capital City Bank,* 655 F.2d 571, 580 (5th Cir.1981) (citing 9 C. Wright and A. Miller, § 2558). Applying this standard, we conclude that the court properly discerned the applicable principles of law, and correctly instructed the jury.

Finding that "purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of [the] vehicle," Congress enacted the Motor Vehicle Information and Cost Saving Act, 15 U.S.C. §§ 1981–1991. Although § 1989 of the act creates a civil cause of action for those damaged by odometer tampering, the statute is silent as to the requisite burden of proof. Where Congress has not prescribed a particular standard of proof and the Constitution is similarly silent, the courts must dictate which standard is to be applied. See, *Steadman v. S.E.C.,* 450 U.S. 91, 95, 101 S.Ct. 999, 1004, 67 L.Ed.2d 69 (1981).

As the appellant concedes, "[i]n a typical civil suit for money damages, plaintiffs must prove their case by a preponderance of the evidence." *Herman & MacLean v. Huddleston,* 459 U.S. 375, 387, 103 S.Ct. 683, 690, 74 L.Ed.2d 548 (1983). However, because § 1989 requires proof of fraudulent intent, *Nieto v. Pence,* 578 F.2d 640, 642 (5th Cir.1978), the appellants argue that application of the clear and convincing standard is compelled.[2] We are not persuaded.

Although this is an issue of first impression in our circuit, a recent tenth circuit opinion on point is persuasive. In *Haynes v. Manning,* 917 F.2d 450 (10th Cir.1990), the plaintiffs discovered that the original

1. Ransel's eventually delivered the assignment of title certificate to Goddard some 20 days after the sale to Stutts.

2. At common law, courts required plaintiffs to prove fraud allegations by clear and convincing evidence. *See e.g. Vogel v. American Warranty Home Serv. Corp.,* 695 F.2d 877, 882 (5th Cir.

1983). The stricter burden of proof was imposed as a result of the court's recognition that "defendants face the risk of opprobrium that may result from a finding of fraudulent conduct...." *Herman & MacLean,* 459 U.S. at 390, 103 S.Ct. at 691.

owner of a used automobile purchased by them had "rolled over" the 100,000 mile mark. Accordingly, the mileage indicated on the odometer was 100,000 miles less than the actual number of miles accrued, and the odometer statement failed to reflect the disparity. The plaintiff filed suit for damages, alleging common law fraud and violations of the federal odometer statute. Relying on state caselaw, the district court instructed the jury that the alleged violations must be proven by clear and convincing evidence.

On appeal of a verdict in favor of the defendant, the tenth circuit reversed and remanded, holding that the simple preponderance standard should apply.[3] Reviewing illustrative cases in which the clear and convincing standard was applied, the court concluded that "[e]xceptions to the [simple preponderance] standard occur only in cases in which the government has taken coercive action against an individual ... [or] when important individual interests or rights such as termination of parental rights, involuntary commitment, deportation, or denaturalization are at stake." *Id.* at 452 (citations omitted). Citing cases in which the courts have upheld application of the simple preponderance standard in actions under securities, anti-trust, and civil rights statutes, the court concluded that "[t]he federal odometer statutes are not sufficiently different from [those federal statutes] to justify application of a different standard of proof." *Id.* at 452.

Policy reasons further compel application of the simple preponderance rule, a "standard [that] allows both parties to share the risk of error in roughly equal fashion." *Addington v. Texas,* 441 U.S. 418, 423, 99 S.Ct. 1804, 1808, 60 L.Ed.2d 323 (1979). As the high court indicated in *Herman & MacLean,* attention should be paid to Congress' intent in drafting legislation such as the SEA or the odometer statute. Where Con-

gress identifies a class of persons it seeks to protect, and "they prove that it is more likely than not that they were defrauded, they should recover." *Herman & MacLean,* 459 U.S. at 391, 103 S.Ct. at 692.

### Conclusion

We find the tenth circuit's reasoning both persuasive and consistent with the policy expressed by the Supreme Court in *Herman & MacLean.* Accordingly, we find no reason to establish a contrary rule in this circuit. The judgement of the district court is

AFFIRMED.

**3.** The tenth circuit based its reasoning primarily upon *Herman & MacLean,* a case in which the U.S. Supreme Court addressed the burden of proof required by § 10(b) of the Securities Exchange Act. In that case, the court concluded that the clear and convincing standard was typically applied "where particularly important individual interests or rights are at stake." *Her-

man & MacLean,* 459 U.S. at 389, 103 S.Ct. at 691 (citations omitted). Acknowledging that SEA defendants did have certain interests in vindication, it concluded that those interests "do not differ qualitatively from the interests of defendants sued for violations of other federal statutes ... for which proof by a preponderance of the evidence suffices." *Id.*