9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rodney JENSON, dba Jenson Motors, Plaintiff-Appellant,
v.
CS & T BODY & PAINT OF SALT LAKE, INC., a corporation, dba
Independent Towing Service; Commercial Union
Insurance Company, a corporation, and
Stephen C. Fenton, Defendants-Appellees.
 No. 92-4223.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's decision granting defendants CS & T Body and Paint of Salt Lake, Inc. (CS & T) and Commercial Union Insurance Company summary judgment on plaintiff's private cause of action, see 15 U.S.C.1989, asserted under the odometer provisions, 15 U.S.C.1981-91, of the Motor Vehicle Information and Cost Savings Act, 15U.S.C.1901-91 (federal odometer statute). This court has jurisdiction pursuant to 28U.S.C. 1291.
 
 
 3
 Summary judgment is appropriate only if there is no genuinely disputed issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This court reviews a summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Upon careful review of the record and consideration of the parties' arguments on appeal, we affirm the district court's decision.
 
 
 4
 The parties in this case do not dispute that CS & T violated the federal odometer statute. In order to establish liability under 15 U.S.C.1989, however, plaintiff must establish that CS & T violated the statute with the intent to defraud. Haynes v. Manning, 917 F.2d 450, 452 (10th Cir.1990). Intent to defraud may be established through proof of a violation of the statute made with the specific intent to deceive or a reckless disregard for a vehicle's actual mileage. Id. at 452-53.
 
 
 5
 Viewing the evidence in the light most favorable to plaintiff, the record indicates the following: CS & T acquired a 1986 Volvo from Caroline Babbitt, but, in doing so, failed to obtain a mileage disclosure statement. The car's Arizona certificate of title indicated that, at the time it was last registered, the car had travelled 143,875 miles.
 
 
 6
 CS & T, in turn, transferred the car to StephenC. Fenton, again without a proper odometer disclosure statement. Nonetheless, on the back of the certificate of title, CS & T certified, apparently accurately, that the odometer currently read 68,201. CS & T, however, failed to mark the accompanying statements on the form that would have indicated that the mileage was in excess of the mechanical limits of the odometer or that the odometer failed to represent the car's actual mileage. Failure to mark either of those statements thus resulted in CS & T's certification that the current odometer reading indicated the car's actual mileage.
 
 
 7
 Despite this misrepresentation, the certificate of title, on its face, clearly indicated that the car had travelled over 100,000 miles at the time of its last registration. Further, CS & T submitted the affidavit of its president, Jess Thompson, stating that, at the time he transferred the car to Mr. Fenton, Mr. Thompson orally informed him that the car's odometer had rolled over.
 
 
 8
 Ultimately, Mr. Fenton sold the car to plaintiff. Plaintiff alleged that, in doing so, Mr. Fenton provided him with an odometer disclosure statement falsely indicating that the odometer's then current reading of 69,644 represented the car's actual mileage.
 
 
 9
 Plaintiff, in response to defendants' motion for summary judgment, failed to assert any specific facts tending to dispute defendants' evidence. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(nonmoving party may not rest on its pleadings but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it bears burden of proof). In light of the uncontroverted evidence establishing that the face of the certificate of title clearly indicated that the odometer had turned over and that CS & T's president orally informed Mr. Fenton of that fact at the time of the transfer of the car, the district court properly determined as a matter of law that CS & T did not violate the federal odometer statute with the requisite intent to defraud[2]
 
 
 10
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 On appeal, plaintiff challenges the veracity of the assertion of CS & T's president, Mr. Thompson, that he orally informed Mr. Fenton that the odometer had already rolled over once. Plaintiff, however, failed to dispute Mr. Thompson's affidavit before the district court. Absent extraordinary circumstances not present here, this court will not consider issues raised for the first time on appeal. See, e.g., Doelle v. Mountain States Tel. & Tel., 872 F.2d 942, 944 n.4 (10th Cir.1989)