19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ryan LAVERY, Plaintiff-Appellant,
v.
R-K LEASING, Defendant-Appellee.
 No. 93-4021.
 United States Court of Appeals, Tenth Circuit.
 Feb. 24, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges[2].
 
 
 2
 Plaintiff Ryan Lavery brought this action pursuant to the Motor Vehicle Information and Cost Savings Act, 15 U.S.C.1981 to 1991, alleging that defendant R-K Leasing fraudulently failed to disclose the actual mileage on a truck Lavery purchased, thus entitling him to damages under the Act. On cross-motions for summary judgment, the district court denied Lavery's motion and granted R-K's, and Lavery appeals. We have jurisdiction pursuant to 28 U.S.C. 1291.
 
 
 3
 Through Ritchie Brothers Auctioneers International, R-K sold a 1987 Ford F250 pickup truck to Mobile Auto Service for $2,250. R-K and Ritchie Brothers knew that the truck's actual mileage was 120,091, though the odometer read only 20,091 miles because it was not mechanically capable of showing more than 99,999 miles. A Ritchie Brothers employee filled out a preprinted mileage disclosure statement for the truck certifying that the truck's odometer read 20,091 miles. However, on the same preprinted statement, the employee marked a line indicating that the odometer showed the truck's actual mileage rather than marking the next line down which would have correctly indicated that actual mileage was "in excess of mechanical limits." Mobile Auto Service sold the truck to Lavery several weeks later for approximately $4,750 and certified its mileage as 20,723. Lavery claims that he would not have purchased the truck had he known that its actual mileage exceeded 120,000 miles, and he eventually filed this action for damages under 15 U.S.C 1989.
 
 
 4
 The Act provides for recovery of damages from a vehicle transferor who violates the Act's mileage disclosure requirements with intent to defraud or with reckless disregard for the vehicle's actual mileage. See Haynes v. Manning, 917 F.2d 450, 453 (10th Cir.1990). Lavery alleged that R-K, through its agent Ritchie Brothers, violated the Act by intentionally or recklessly failing to disclose that the truck's actual mileage exceeded what the odometer showed when the truck was sold to Mobile Auto Service.
 
 
 5
 Both parties moved for summary judgment. R-K agreed that the disclosure statement was wrong but argued that that was due to a simple clerical error that did not rise to the level of reckless disregard or intent to defraud. R-K claimed that at the auction, it sold ten other 1987 Ford F250 pickup trucks that were identical in color, appearance, and condition to the truck Lavery purchased. All eleven trucks had been used by R-K's parent company in its construction and mining operations. Mobile Auto Service bought three of these trucks, including the one it sold to Lavery. Affidavits from the Ritchie Brothers employees who prepared the odometer disclosure statements indicated that, except for the statement for Lavery's truck, all statements correctly identified the vehicles' mileages and, where appropriate, identified the actual mileages as being in excess of the odometers' mechanical capabilities. Thus, the disclosure statements for two of the three trucks Mobile Auto Service purchased were accurate.
 
 
 6
 Mobile Auto paid the same price for all three trucks. It did not examine the odometer certifications or otherwise discuss the trucks' mileages with Ritchie Brothers prior to purchasing the trucks at the auction. The Ritchie Brothers employee who actually prepared the odometer certification for the trucks stated that she inadvertently checked the wrong line on the form for Lavery's truck. Her supervisor stated that in reviewing the certification, he failed to detect the error.
 
 
 7
 In response to R-K's motion, and in support of his own, Lavery did not submit any evidence disputing the facts as presented by R-K. Instead, he argued that the fact that R-K knew that the truck's mileage was 120,091 but nonetheless certified the actual mileage as 20,091 was sufficient evidence of fraudulent intent or reckless disregard to entitle him to judgment as a matter of law. The district court disagreed and concluded there was no evidence that R-K acted with intent to defraud or reckless disregard. Because Lavery failed to challenge with competent evidence R-K's affidavits indicating the error on the disclosure statement was due to an honest mistake, the court granted R-K's motion for summary judgment.
 
 
 8
 On appeal, Lavery repeats his argument that he is entitled to summary judgment because the evidence shows intent to defraud or reckless disregard. Alternatively, he contends that R-K's knowledge of the actual mileage, the incorrect disclosure statement, and R-K's failure to remedy the error until Lavery brought it to R-K's attention create a factual question concerning R-K's intent that should preclude summary judgment in R-K's favor.
 
 
 9
 We review a district court's grant of summary judgment de novo, applying the same standard as the district court. Frank v. U.S. West, Inc., 3 F.3d 1357, 1361 (10th Cir.1993). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the evidence in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). If the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial, and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 10
 Citing Suits v. Little Motor Co., 642 F.2d 883 (5th Cir.), cert. denied, 454 U.S. 939 (1981), Lavery contends that R-K had an intent to defraud as a matter of law because it signed an odometer disclosure statement knowing it to be false. Lavery also argues that the error made here resulted from sloppy recordkeeping and that sloppy recordkeeping evidences reckless disregard, citing a number of district court cases. We believe these cases are all factually distinguishable from the present situation and do not support Lavery's position.
 
 
 11
 In Suits, the transferor knew that the vehicle had 100,073 miles and that the odometer showed only seventy-three miles, but he intentionally certified that the actual mileage was unknown. The transferor did not contend that any inadvertent error led to the incorrect certification. The court concluded that the facts sufficiently evidenced fraudulent intent. Id. at 885. We do not read Suits to hold that any error in preparation of a disclosure statement translates to fraudulent intent, as Lavery seems to argue. Suits relied on the fact that the transferor intentionally, not inadvertently, prepared an inaccurate disclosure statement.
 
 
 12
 Similarly, the district court cases Lavery cites are not persuasive because they are based on poor recordkeeping and lax business practices to a degree not evident here.[3] We do not agree that one error, surrounded by undisputedly correct practices in similar transactions, amounts to recordkeeping sloppy enough to evidence reckless disregard.
 
 
 13
 We also do not agree that R-K's conduct raises an inference of fraudulent conduct foreclosing summary judgment. Essentially, Lavery is arguing for a per se rule that any error in preparing a disclosure statement--regardless of the circumstances surrounding that error as shown through the transferor's summary judgment submissions--creates a factual issue regarding fraudulent intent that cannot be resolved on summary judgment. We do not believe such a rule is appropriate. Liability under the Act requires an "intent to defraud." 15 U.S.C.1989(a). Such a per se rule could be seen as lowering the actionable standard of conduct from reckless disregard to simple negligence. In Haynes, we concluded that liability under the Act could be based on showing reckless disregard because that could lead to the inference of fraudulent intent:
 
 
 14
 "[I]f a person lacks knowledge that an odometer disclosure statement is false only because he displays a reckless disregard for the truth, a fact finder can reasonably infer that the violation was committed with an intent to defraud a purchaser. The inference of an intent to defraud is no less compelling when a person lacks actual knowledge of a false odometer statement only by clos[ing] his eyes to the truth."
 
 
 15
 917 F.2d at 453 (quoting Tusa v. Omaha Auto Auction Inc., 712 F.2d 1248, 1253-54 (8th Cir.1983)(quotation omitted)). We do not believe that an intent to defraud could be inferred from simple negligence. The Act does not impose liability on a negligent transferor.
 
 
 16
 There is no evidence that R-K "closed its eyes to the truth" or was anything but a negligent transferor. The undisputed facts are that R-K sold eleven identical trucks at the auction and the disclosure statements were accurate for all of the trucks except the one Lavery purchased. Mobile Auto paid the same price for Lavery's truck that it did for the other two it purchased, and the odometer statements for those two reflected actual mileage exceeding the odometer capabilities, i.e., more than 99,999 miles. Thus, R-K received no special benefit from the sale of Lavery's truck.
 
 
 17
 Moreover, R-K's agents testified through affidavits that all disclosure statements except the one for Lavery's truck were correctly prepared and that it was just through clerical error that the wrong line on Lavery's disclosure statement was checked. Though Lavery characterizes these affidavits as self-serving, that does not make them unacceptable for summary judgment purposes. See Larry Harmon Pictures Corp. v. Williams Restaurant Corp., 929 F.2d 662, 663 n. 1 (Fed. Cir.)(argument that affidavit was self-serving "insufficient to raise a genuine issue of material fact where there is an absence of probative evidence conflicting with the evidence presented by [affiant]"), cert. denied, 112 S.Ct. 85 (1991); see also Liberty Lobby, 477 U.S. at 249-50 ("If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.") (citations omitted). Lavery failed to submit any evidence or affidavits to rebut R-K's affidavits or any of the other facts indicating that R-K simply made a clerical mistake with no intent to defraud. We see no genuine factual dispute in this case, and do not believe that a rational factfinder could rule in Lavery's favor. See Matsushita, 475 U.S. at 587. The district court properly granted summary judgment in R-K's favor.
 
 
 18
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 See Aldridge v. Billips, 656 F.Supp. 975, 979 (W.D. Va.1987)(reckless disregard found based on transferor's reliance solely on odometer reading and failure to inquire into actual mileage despite having reason to know odometer was incorrect); Kantorczyk v. New Stanton Auto Auction, Inc., 433 F.Supp. 889, 893 (W.D. Pa.1977)(reckless disregard found where dealer had practice of relying only on current odometer reading itself without attempting to discover actual mileage and not disclosing that actual mileage was unknown); Jones v. Fenton Ford, Inc., 427 F.Supp. 1328, 1335-36 (D.Conn.1977)(reckless disregard found resulting from oral misrepresentations of mileage and inadequate administrative practices)