2000 OK CIV APP 6

**Rodger KERR, Appellee,**

v.

**A & G AUTO, INC., Appellant.**

**No. 91,756.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 2, 1999.

Irven R. Box, Box & Box, Oklahoma City, Oklahoma, For Appellant.

Donald L. Easter, Oklahoma City, Oklahoma, For Appellee.

TAYLOR, J.

¶1 Defendant, A & G Auto, Inc. (A & G), seeks review of the trial court's judgment against it on Plaintiff Rodger Kerr's claim for damages resulting from A & G's violation of the federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C.A. §§ 32701 through 32711 (West 1997 & Supp.1999)("Odometer Act"), in A & G's sale of a vehicle to Plaintiff. Based on our review of the record, the parties' briefs, and the applicable law, we affirm the trial court's decision.

¶2 It is undisputed that Plaintiff purchased a used 1993 GMC Suburban truck from A & G in November 1996. According to the record, Plaintiff filed this action against both A & G and the vehicle's previous owner, J.B. Bohannon, Jr., alleging, among other theories of recovery, violation of the Odometer Act's mandatory disclosure provisions. Some time thereafter, Plaintiff accepted an offer of judgment from Defendant Bohannon, and the case continued against A & G alone. The matter went to non-jury trial in July 1998, after which the trial court entered judgment in favor of Plaintiff, finding he had suffered actual damages of $2,000. Pursuant to the federal law, the trial court tripled the actual damages amount, and also awarded Plaintiff his costs, including attorney fees. It reduced the judgment by the amount of Plaintiff's settlement with Bohannon.

¶3 A & G appeals, asserting the evidence was insufficient to support a judgment against it. Specifically, A & G contends the evidence is insufficient for the court to have

found that A & G intended to defraud Plaintiff, and that actual fraud is an essential element of recovery under the federal statutes.

¶ 4 The question of fraud, including intent to defraud, presents an issue of fact to be determined by the trier of fact. *See Silk v. Phillips Petroleum Co.*, 1988 OK 93, 760 P.2d 174. On review of an appeal from a decision by the trier of fact, an appellate court must view all evidence and reasonable inferences that may be drawn from the evidence in the light most favorable to the prevailing party. *See J.C. Penney Co. v. Hoover*, 1966 OK 88, 414 P.2d 293. The findings of the trial court as to issues of fact are as binding on appeal as the verdict of a jury, however, and if there is any competent evidence to support the findings they will not be disturbed. *See Tax/Investments Concepts, Inc. v. McLaughlin*, 1982 OK 134, 670 P.2d 981; *see also Bullard's Oil Field Serv., Inc. v. Williford Energy Co.*, 1992 OK 128, 839 P.2d 185. Moreover, where evidence in a case is conflicting, a trial court is entitled to choose which testimony to believe. The appellate court will not disturb the trial court's evaluation of credibility unless it appears to be without any reasonable foundation. *See Kahre v. Kahre*, 1995 OK 133, 916 P.2d 1355.

¶ 5 It is undisputed that A & G purchased the truck in question from an auto auction before selling it to Plaintiff. It also is undisputed that A & G received the vehicle's title reflecting that the truck had more than 100,000 miles on it, though the odometer read only slightly more than 58,000 miles.

¶ 6 The record contains Plaintiff's testimony that, at the time Plaintiff looked at the vehicle, the odometer read slightly more than 58,000 miles. Plaintiff also testified that an A & G representative informed him the 58,000-mile figure was correct. However, he was informed by A & G that due to a "paperwork mixup" A & G could not verify the actual miles in writing. Plaintiff asked for and received from A & G the name of the original owner, Bohannon, who also told him the 58,000-plus reading was correct. Plaintiff did not see the prior owner's title at any time prior to his purchase of the vehicle.

¶ 7 The evidence also reflects that when A & G made the sale to Plaintiff, it checked a box on the bill of sale stating only that the odometer reading reflected an "amount of mileage in excess of its mechanical limits," and left blank the box certifying that "the odometer reading is NOT the actual mileage WARNING–ODOMETER DISCREPANCY." Plaintiff testified two A & G representatives told him that A & G was required to make the former certification in order to be "in compliance" with odometer laws, but that he was again told the odometer reading reflected actual miles. In addition, the odometer mechanism on the 1993 vehicle contained six digits—meaning its "mechanical limits" were 999,999 miles—so that mileage in excess of this amount would be more than a million miles, an obvious improbability.

¶ 8 Plaintiff testified he became concerned about the vehicle's true mileage after it began having serious mechanical problems shortly after he purchased it. Ultimately, he contacted the Oklahoma Used Motor Vehicle and Parts Commission, which, in investigating the complaint, discovered the actual miles on the vehicle were in excess of 105,000 at the time of Plaintiff's purchase.[1] Plaintiff also stated he relied on the representations of Bohannon and A & G in purchasing the vehicle, and that, had he been informed that the actual miles on the vehicle were "unknown," he would not have purchased it.

¶ 9 A & G introduced evidence disputing Plaintiff's account of the transaction, and suggesting that Plaintiff was actually much more aware of the odometer discrepancy at the time of the purchase than his testimony indicated. Even so, A & G's representative at trial admitted that he made no effort, after he purchased the vehicle from the auto auction, to determine what its true mileage was.

¶ 10 The Odometer Act requires any person transferring ownership of a motor vehicle to give the purchaser an accurate, written disclosure containing:

(A) Disclosure of the cumulative mileage registered on the odometer.

---

1. An investigator with the commission testified at trial on plaintiff's behalf, as well.

(B) Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.

49 U.S.C.A. § 32705(a)(1) (West Supp. 1999).

¶ 11 In addition, under § 32705(a)(3), "[a] person acquiring a motor vehicle for resale may not accept a written disclosure under this section unless it is complete." An individual who violates the disclosure provisions of § 32705 "with intent to defraud" a purchaser is liable for treble the purchaser's actual damages, or $1,500, whichever is greater. 49 U.S.C.A. § 32710 (West 1997).

¶ 12 The mere fact that an automobile dealer has violated the disclosure requirements does not necessarily mean he is civilly liable to the purchaser; rather, the dealer must have acted with "intent to defraud" in order to be subject to such liability. *See Suiter v. Mitchell Motor Coach Sales, Inc.*, 151 F.3d 1275 (10th Cir.1998); *Haynes v. Manning*, 917 F.2d 450 (10th Cir.1990); *Jones v. Hanley Dawson Cadillac Co.*, 848 F.2d 803 (7th Cir.1988); *Ryan v. Edwards*, 592 F.2d 756 (4th Cir.1979). In *Haynes*, the court recognized that simple negligence by a transferor in determining the accuracy of an odometer statement is not sufficient to impose liability under the odometer statutes, but that the transferor must have at least acted with "reckless disregard." 917 F.2d at 453. However, a purchaser need not prove a transferor had "actual knowledge" that an odometer statement was false before liability attaches under the statutes, and "intent to defraud" may be inferred if it is shown that the transferor lacked such knowledge only because he displayed reckless disregard for the truth or because he "closed his eyes to the truth." *Suiter*, 151 F.3d at 1282. Further, according to *Haynes*, "the federal odometer law imposes an affirmative duty on automobile dealers to discover defects," meaning that "[a] transferor of a vehicle may

be found to have intended to defraud if he had *reason to know* the mileage on the vehicle was more than was reflected by the odometer or certification of the previous owner and nevertheless failed to take reasonable steps to determine the actual mileage." 917 F.2d at 453 (emphasis added).

¶ 13 Applying the foregoing to the case at bar, we find the record contains competent evidence which, viewed in the light most favorable to Plaintiff, is sufficient to support the trial court's judgment in Plaintiff's favor. The evidence shows that, even if we accepted A & G's argument that it did not set out with specific intent to defraud Plaintiff, A & G chose to ignore the information in its hands, i.e., the prior title from Bohannon, and made no effort to assure that Plaintiff was given accurate information as far as the title was concerned. From the evidence presented, reasonable minds could have inferred a "reckless disregard" for the truth, which under the holdings of the federal cases noted above constitutes an "intent to defraud" as a matter of law. As such, the judgment of the trial court is affirmed.[2]

¶ 14 Plaintiff has moved for appeal-related attorney fees pursuant to § 32710(b) of the Odometer Act and 12 O.S. 1991 § 936. The Odometer Act provides that a court "shall award costs and a reasonable attorney's fee" to the person who obtains judgment in an action under the Act. Section 936 also provides for attorney fees to be awarded to the prevailing party in an action to recover on a contract relating to the purchase or sale of goods. When a contract or statute authorizes the award of attorney fees in the trial court, additional fees may be allowed for legal services rendered on appeal. *See Sisney v. Smalley*, 1984 OK 70, 690 P.2d 1048. In light of our decision affirming the trial court's judgment in Plaintiff's favor, Plaintiff's motion for appeal-related fees and costs is granted, and this matter is remanded

---

2. We reject A&G's argument that the trial court erred in requiring Plaintiff to prove fraud only by a "preponderance of the evidence" rather than by "clear and convincing evidence" as required for common law fraud actions in Oklahoma. Not only does the record fail to disclose that the trial court utilized a preponderance standard, but, even if the record did indicate that such was the case, the use of a preponderance standard as to the "intent to defraud" provisions of the Odometer Act is appropriate. *Haynes*, 917 F.2d at 451.

to the trial court for a hearing to determine the reasonable amount thereof.

¶ 15 AFFIRMED AND REMANDED.

¶ 16 GOODMAN, V.C.J., and RAPP, J., concur.