**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**MAR 21 2002**

**PATRICK FISHER**
**Clerk**

CDM AUTO WHOLESALE, INC.,

       Plaintiff-Appellant,

v.

CINDY L. JENSEN;
ALBUQUERQUE LINCOLN
MERCURY, INC.,

       Defendants-Appellees.

No. 01-2181
(D.C. No. CIV-00-166 DJS/RLP)
(D. N.M.)

**ORDER AND JUDGMENT**   *

Before **HENRY** , **ANDERSON** , and **LUCERO** , Circuit Judges.

      CDM Auto Wholesale, Inc. ("CDM"), sued Albuquerque Lincoln Mercury,

Inc. ("ALM") alleging violations of the Federal Odometer Act, 49 U.S.C.

§§ 32701–32711. The district court granted summary judgment in favor of ALM,

finding that CDM failed to present evidence that ALM acted with intent to

---

\*     The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The Court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

defraud. We review the district court's grant of summary judgment de novo, applying the same legal standards under Fed. R. Civ. P. 56(c) as did the district court, and examining the factual record in the light most favorable to the party opposing summary judgment. See Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1259 (10th Cir. 1998). Because CDM did not present sufficient evidence to defeat ALM's motion for summary judgment, we affirm.

Cindy Jensen,[1] an employee of ALM, traded in her used 1992 Ford Explorer to ALM on August 7, 1998. At that time, the vehicle had an odometer reading of 13,801 miles. Jensen certified to ALM, on an odometer disclosure statement and a power of attorney to disclose mileage and assign title, that the odometer reading of 13,801 miles reflected the vehicle's actual miles. ALM then immediately sold the vehicle to CDM. CDM resold the vehicle and, eventually, a subsequent purchaser discovered that the odometer had turned over. It was then determined that at the time Jensen traded the car to ALM—and at the time ALM sold it to CDM—the vehicle actually had 113,801 miles on it. CDM then brought this civil action against ALM, seeking damages.

"The Odometer Act requires any person transferring ownership of a motor vehicle to give the transferee an accurate, written disclosure of the odometer

---

[1] Jensen was named as a defendant, but because she was never served the complaint against her was dismissed for lack of prosecution. See Fed. R. Civ. P. 4(m).

reading or, if the transferor knows the odometer reading is not correct, a statement that the actual mileage is unknown." Suiter v. Mitchell Motor Coach Sales, Inc., 151 F.3d 1275, 1277–78 (10th Cir. 1998) (citing 49 U.S.C. § 32705(a)). "If the transferor, with intent to defraud, fails to comply with these requirements, the transferor is subject to suit by the transferee and may be liable for treble damages or $1500, whichever is greater." Id. at 1278 (citing 49 U.S.C. § 32710). Intent to defraud may be established through proof of a violation of the statute made with the specific intent to deceive or a reckless disregard for a vehicle's actual mileage. Haynes v. Manning, 917 F.2d 450, 452–53 (10th Cir. 1990). Liability under the Odometer Act could be based on a showing of reckless disregard because such a showing could lead to an inference of fraudulent intent:

> [I]f a person lacks knowledge that an odometer disclosure statement is false only because he displays a reckless disregard for the truth, a fact finder can reasonably infer that the violation was committed with an intent to defraud a purchaser. The inference of an intent to defraud is no less compelling when a person lacks actual knowledge of a false odometer statement only by clos[ing] his eyes to the truth.

Id. at 453 (quotation omitted).

In the present case, CDM did not present any evidence suggesting that ALM "closed its eyes to the truth." ALM presented evidence that it made a thorough and detailed inspection of the car when Jensen traded it in, checking for hidden defects, excessive wear and tear, and any other signs of high mileage. ALM determined that the car was in very good, clean condition with little wear on

-3-

its upholstery and dashboard; its engine had all original, factory-installed parts in good condition; the oil and transmission fluids gave no indication of engine trouble or need for further investigation; the clutch and brakes and other mechanical parts showed no evidence of problems associated with a car with higher mileage; the car showed no evidence of having been repainted or having been in an accident; and it showed no hail damage or windshield pitting. Although the car had unusually low mileage for a car of its age, ALM presented testimony from its used car manager that he saw eight to ten used cars a month with similarly low mileage relative to the vehicles' age. Further, Jensen, a trusted employee, had previously worked for other car dealerships and ALM's used car manager assumed the Explorer had been a dealership demonstration car. CDM has presented no evidence of any complicity between ALM and Jensen, and the evidence in the record on appeal is silent as to whether Jensen herself knew the car's actual mileage was in excess of 13,801.

Thus, ALM presented evidence that it did not merely rely on Jensen's assertion regarding the vehicle's mileage, but took independent, affirmative steps to verify the accuracy of the odometer reading. See Suiter, 151 F.3d at 1284. ALM presented evidence that neither the circumstances of the trade-in from Jensen nor its inspection of the vehicle gave it any reason to suspect that the vehicle's odometer reading was incorrect. See id.

CDM presented no contradictory evidence in response. A party opposing summary judgment cannot rest upon its pleadings, but "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir. 1996). On this basis, the district court properly concluded that ALM had met its burden of demonstrating it was entitled to judgment as a matter of law and that CDM failed to meet its burden.

On appeal, CDM argues that ALM should be held strictly liable because the power of attorney signed by Jensen included ALM's signed statement that the mileage on the odometer disclosure statement was greater than the mileage previously stated on the certificate of title. This argument is factually and legally without merit. ALM presented evidence that the mileage listed on the odometer disclosure statement—13,801 miles—was, in fact, greater than that previously listed on the certificate of title provided by Jensen to ALM. Jensen's certificate of title, dated as of the date she acquired and titled the vehicle, showed the vehicle had 7,811 miles; thus, ALM's certification on the power of attorney was not false. Further, the Odometer Act is not a strict liability statute. Under 49 U.S.C. § 32710, a transferor is only liable if it violates the Act's requirements with the intent to defraud, and there is no such evidence here.

CDM also argues that the question of whether one acted with a particular state of mind—presently, whether ALM acted with intent to deceive—is inherently a question of fact which may not be resolved through summary judgment. To the contrary, summary judgment is warranted even when state of mind is at issue, when the party opposing the motion fails to make the requisite showing to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Such is the case here. We agree with the district court that CDM failed to provide any evidence from which a reasonable juror could infer that ALM displayed a reckless disregard for the truth or acted with actual intent to deceive when it transferred the vehicle.

Accordingly, the judgment is **AFFIRMED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge