Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 09-2022

CHERISE ROACH,

Plaintiff, Appellant,

v.

CUNA MUTUAL INSURANCE CO., INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young,  U.S. District Judge]

Before

Boudin, Circuit Judge,
Souter, Associate Justice,*
and Howard, Circuit Judge.

Sergei Lemberg, with whom Lemberg & Associates, LLC was on brief, for appellant.
Edward C. Cooley, with whom Giarrusso, Norton, Cooley & McGlone, P.C. was on brief, for appellees.

July 14, 2010

---

* The Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SOUTER**, <u>**Associate Justice**</u>.  A subsidiary of the appellee CUNA Mutual Insurance Company, Inc., was the transferee of a bank's interest in a truck subject to a defaulted installment loan, and the CUNA subsidiary retained a Texas company, the appellee Assets Recovered, LLC to repossess the vehicle.  The truck was found on the lot of Stanley Services, Inc., which had taken possession of it using equipment of its own, according to a receipt indicating a mileage figure of 66,782.  In anticipation of eventual sale by Auto Auction of New England, Assets acted on CUNA's behalf in obtaining a Texas title certificate.  Since the truck was locked and had no keys, Assets did not read the truck's digital odometer, but instead gave the Texas agency an odometer reading of 66,782 miles, not realizing that the mileage figure on the receipt referred to Stanley's transport vehicle, not the truck.  A title certificate was issued accordingly.

Thereafter, new keys were made for the truck and it was discovered that the odometer actually read 31,245.  Auto Auction had not yet sold the truck, and Assets still had the title certificate with the higher, wrong number.  Assets applied for an amended certificate showing the actual odometer figure, which was obtained before the truck changed hands, first to a wholesaler, and then to a retail dealer, who finally sold it to the appellant, Cherise Roach.  She took title by accepting a certificate showing mileage under 32,000.

In due course, Roach discovered she had a lemon and sued the appellees CUNA and Assets[1] on a claim they had violated a law commonly known as the Odometer Act, which requires a transferor of a motor vehicle to state correct mileage or to say that mileage is unknown, 49 U.S.C. § 32705(a)(1)(A) and (B), and gives a transferee a private right of action for a statutory violation committed with intent to defraud, § 32710(a) and (b).  The parties agree the intent requirement may be satisfied by showing a transferor's reckless disregard for accuracy, and we may assume this to be so.  See Haynes v. Manning, 917 F.2d 450, 453 (10th Cir. 1990).  On cross motions, the district court granted summary judgement to CUNA and Assets.  We affirm.

The dispositive issue as the case was litigated in the trial court was the nature and significance of the appellees' intent when obtaining the first title certificate with the 66,782 number: was there a genuine dispute about any material fact bearing on the intent that stood in the way of either Roach's or the appellees' entitlement to judgement as a matter of law?  Roach's answer in her favor seems to assume that an error resulting from misreading a record (Stanley's record, in this case) is immune to subsequent correction and is an actionable violation of the Act on the complaint of any downstream transferee who later learns that

---

[1] Appellee Wachovia Corporation informed this court by letter that it had settled with Roach and would not file a brief in this appeal.

the error had once been made. Perhaps sensing the unlikelihood that the law could be in her favor, she resorts to alternative stratagems: on the one hand, she claims that reliance on the earlier, mistaken figure is not a necessary element of a private claim; on the other, she claims that she was "entitled . . . to rely on the veracity of historical odometer disclosures" and was in fact "guided" by the earlier figure to make an imprudent purchase.

We agree with the district court that Roach's position is untenable, however stated. First, we will assume for argument that the mistaken reading of Stanley's receipt (as showing the truck's mileage) was negligent, but negligence is not recklessness tantamount to fraudulent intent, and reliance upon the receipt in these circumstances (where access to the odometer was not immediately possible and where the mistake was timely corrected before Assets transferred the truck) cannot fairly give rise to an inference of reckless disregard for the truth. See W. Keeton et al., Prosser and Keeton on the Law of Torts § 34, p. 213 (5th ed. 1984) (defining "reckless" as intentional acts "of an unreasonable character in disregard of a known or obvious risk . . . usually accompanied by a conscious indifference to the consequences"); cf. United States v. Ranney 298 F.3d 74, 78 (1st Cir. 2002) ("reckless disregard for the truth" requires proof that the speaker "in fact entertained serious doubts as to the truth of the [statement]" and

may be "inferred from circumstances evincing obvious reasons to doubt [its] veracity" (internal quotation marks omitted)).

Next, even if the appellees had been reckless, Roach's claim must fail for the further reason that she can prove no injury caused by the allegedly fraudulent misrepresentation. See Huson v. Gen. Motors Acceptance Corp., 108 F.3d 172, 173 (8th Cir. 1997) (no liability where a failure to investigate "could not have caused any injury" to the plaintiffs). There is no support in the statute for the astonishing notion that a mistake once made, whatever the intent behind it, is impervious to correction, such that a buyer apprised of the correction may ignore it. On the contrary, Roach's position is at odds with the very justification for providing a private cause of action for statutory violation; there may well be more than one strand of policy behind the private remedy, but at the least it is a remedy for injury. See 49 U.S.C. § 32710(a) (creating liability for treble damages with a $1,500 minimum). It is a source of compensation for harm traceable to a statutory violation, whereas Roach can trace no causation to a mileage statement that had been amended by the time she bought the truck. In sum, there were no undisputed facts that entitled Roach to a finding that Assets acted with reckless disregard of the truth when it filed the original application for a title certificate, nor would such a finding, even if permissible, support a conclusion of liability on Roach's private complaint.

The appellees' converse request for judgement as a matter of law fares better. There being no proffered evidence to the contrary, the only sensible explanation for the initial higher figure is that someone at Assets read the Stanley record as referring to mileage on the repossessed truck, instead of Stanley's recovery vehicle. As we explained, that was conceivably negligent, but it could not reasonably be seen, without more, as evidence of reckless disregard for truth. Moreover, as the district judge concluded, Assets's correction of the figure before transfer of the truck precluded any reasonable inference that Assets or its principal, CUNA, ever meant to defraud someone when it used the earlier number. However true it is that "summary judg[e]ment is to be used sparingly when intent or motive is at issue," Catrone v. Thoroughbred Racing Ass'ns of N. Am., Inc., 929 F.2d 881, 889 (1st Cir. 1991), this is the unusual instance in which no fact finder could reasonably infer the fraudulent intent necessary for liability. And of course, as noted before, the correction stands in the way of finding any causation between the original statement and Roach's bad buy, as the private cause of action would require.

The view of the case just set out rests on our resolution of disputed issues about the use of two affidavits, the first being that of Filipe Ossa, Assets's managing officer, filed by the appellees. Roach objected that Ossa was not speaking from personal knowledge, with the consequence that his affidavit was incompetent

as summary judgement evidence.  See Fed. R. Civ. P. 56(e)(1); Perez
v. Volvo Car Co., 247 F.3d 303, 315-16 (1st Cir. 2001).
Howevermuch Roach would now like to expand the scope of the
statements to which this objection might refer, in the district
court her sole specific reference was to Ossa's conclusory
allegation that Assets did not use the wrong figure intentionally
when it submitted the first title application.  See Addendum to
Reply Brief for Appellant 4.  But this is a point of no
consequence, for disregarding Ossa's conclusion would not affect
the appellees' entitlement to judgement.  As explained before, even
if the original application included a reckless misstatement, Roach
could not show a causal connection to her decision to buy the truck
accompanied by a corrected title certificate.  Any error in the
district court's consideration of the affidavit was thus harmless.

The second disputed affidavit goes to Roach's fall-back
position that even the corrected figure of 31,245 was a fraudulent
falsehood, despite its being the reading on the odometer as found
when the new keys allowed inspection of the digital display.  Her
only evidence for this claim was the affidavit of William Zaher,
the principal of a "diagnostic" service that Roach asked to examine
the truck after she had driven it, unsatisfactorily, for about
8,000 miles.  Zaher stated that he inspected the truck and found
its condition "entirely inconsistent" with the odometer reading.
On appellee's motion, the district court struck the affidavit on

the ground that Roach had failed to comply with the Rule 26 requirement that a party disclose the identity of any expert witness to be relied upon and supply a report indicating the witness's qualifications to provide expert opinion testimony. See Fed. R. Civ. P. 26(a)(2)(B).

There was no abuse of discretion in this ruling. See Poulis-Minott v. Smith, 388 F.3d 354, 357 (1st Cir. 2004). Roach claims that she disclosed that a "representative" of the diagnostic service "may" testify about the relationship of odometer mileage to the condition of the truck, but she supplied neither Zaher's name (also required, along with his address and phone number, by Rule 26(a)(1)(A)(I)) nor the basis claimed for his qualification as an expert before she submitted his affidavit in support of her summary judgment motion. Her argument that, according to the court's scheduling order, the deadline for these disclosures was still months off misses the mark. "The purpose of the expert disclosure rules is to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent" and to prevent parties from seeking the "unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion." Poulis-Minott, 388 F.3d at 358 (internal quotation marks omitted). Roach's failure to make the disclosures before she attempted to offer the affidavit as evidence at summary judgement frustrated that purpose, even if she still had time to make disclosures before

the evidence would be offered at trial.  Equally to the point is the requirement of Rule 56, invoked by Roach herself in objecting to the Ossa affidavit, that affidavits on summary judgement must show the admissibility of the proffered evidence by including, among other things, an indication "that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1).  Roach's failure to disclose whatever qualifications Zaher may have as an expert runs afoul of the rule.  Her only response is that his affidavit was proffered as that of a fact witness who happened to be an expert, not as that of an expert, a claim that is manifestly erroneous.  The Zaher affidavit was properly kept out, and without it Roach had no basis to raise any issue of fact about the accuracy of the actual odometer reading or the appellees' reliance on it.[2]

The judgement is **<u>affirmed</u>**.

---

[2] Roach argues that the affidavit should have stood in the way of granting appellees' motion even if it was incompetent to support her own, citing <u>Hayes</u> v. <u>Douglas Dynamics, Inc.</u>, 8 F.3d 88 (1st Cir. 1993).  The case is no help to her, holding only that an affidavit must satisfy Rule 56, whoever wishes to rely on it.